**CONTEMPORARY ARTS CENTER,
et al., Plaintiffs,**

v.

**Arthur M. NEY, Jr., et al., Defendants.**

**Civ. No. C–1–90–278.**

United States District Court,
S.D. Ohio, W.D.

April 9, 1990.

Louis Sirkin, Cincinnati, Ohio, for plaintiffs.

Karl Kadon, III, James Harper and Robert Taylor, Cincinnati, Ohio, for defendants.

## FINDINGS OF FACT, OPINION AND CONCLUSIONS OF LAW

### CARL B. RUBIN, District Judge.

This matter is before the Court on the application of Plaintiffs for a Temporary Restraining Order and Preliminary Injunction. Upon notice to Defendants, oral argument was heard in open Court on April 8, 1990, with all counsel present. In accordance with Rule 52, Fed.R. of Civ.P., the Court does submit herewith its Findings of Fact, Opinion and Conclusions of Law.

### I. FINDINGS OF FACT

1. The Contemporary Arts Center (CAC) is an Ohio corporation which presents displays of contemporary artists in downtown Cincinnati, Ohio. Beginning on April 7, 1990, the CAC presented for public viewing a group of photographs by Robert Mapplethorpe. The Defendants Arthur M. Ney, Jr., Prosecuting Attorney of Hamilton County, Ohio; Lawrence E. Whalen, Police Chief of the City of Cincinnati; and Simon L. Leis, Jr., Sheriff of Hamilton County, Ohio have by public statements indicated a belief that such exhibition is obscene under the laws of Ohio. On April 7, 1990, Plaintiffs Dennis Barrie and the Contemporary Arts Center, Inc. were indicted by the Grand Jury of Hamilton County, Ohio, charged with offenses of pandering obscenity and the illegal use of minors in nudity oriented material.

2. The Robert Mapplethorpe Exhibit contains 175 photographic images and other art work and is scheduled to be shown from April 7, 1990, through May 26, 1990. It is the assertion of Defendants that approximately seven of such photographs are obscene under Ohio law.

3. While indictments have been returned, Plaintiffs have not been arraigned and there has been no judicial determination in regard to such indictments.

4. On April 7, 1990, police officers of the Cincinnati Police Division acting under a proper search warrant issued by a Judge of the Hamilton County Municipal Court entered upon the premises of CAC and videotaped each photograph on display.

## II. OPINION

■ The principles of law that support the action this Court will take are simple to state. The First Amendment of the Constitution of the United States prohibits the abridgement of free speech. In *Miller v. California*, 413 U.S. 15, 23, 93 S.Ct. 2607, 2614, 37 L.Ed.2d 419 (1972), the Supreme Court held that obscene material is unprotected by the First Amendment. What is or is not "obscene" must be determined by a community standards test. *Roth v. United States*, 354 U.S. 476, 488, 77 S.Ct. 1304, 1310, 1 L.Ed.2d 1498 (1957). Until such determination there may not be a seizure of the alleged obscene items. *Fort Wayne Books, Inc. v. Indiana*, 489 U.S. 46, 109 S.Ct. 916, 103 L.Ed.2d 34 (1989). In the absence of a judicial finding that the photographs in question are obscene, they are entitled to the protection of the First Amendment.

■ Appropriate legal procedures have been commenced in the state courts of Ohio and any Order of this Court is intended to apply only until that procedure has been completed.

The United States Court of Appeals for the Sixth Circuit has enunciated the elements which must be considered and "carefully balanced" in deciding whether to issue or withhold a preliminary injunction. *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir.1985); *Mason County Medical Association v. Knebel*, 563 F.2d 256, 264 (6th Cir.1977). These factors include:

1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; 2) whether the movant has shown irreparable injury; 3) whether the preliminary injunction could harm third parties; and 4) whether the public interest would be served by issuing the preliminary injunction.

In accordance with the foregoing, the Court finds that a Preliminary Injunction should issue against these Defendants en-

joining them from interfering with the Mapplethorpe Exhibit as above described.

## III.   CONCLUSIONS OF LAW

A.   This Court has jurisdiction pursuant to 42 U.S.C. § 1983.

B.   Whether or not an item is obscene is a matter for judicial determination in accordance with *Roth v. United States*, 354 U.S. 476, 488, 77 S.Ct. 1304, 1310, 1 L.Ed.2d 1498 (1957).

C.   In the absence of such a determination, no public official may seize alleged obscene material or interfere with its display. *Fort Wayne Books, Inc. v. Indiana*, 489 U.S. 46, 109 S.Ct. 916, 103 L.Ed.2d 34 (1989)

D.   Under the standard of *Mason County Medical Association v. Knebel*, 563 F.2d 256, 264 (6th Cir.1977), the public interest in the First Amendment protection outweighs any other consideration.

E.   In accordance with the foregoing, a preliminary injunction should and it is hereby issued.

IT IS SO ORDERED.