**Mark Edward BOLLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**NUMBER 13–14–00649–CR**

Court of Appeals of Texas,
Corpus Christi-Edinburg.

Delivered and filed June 23, 2016

Discretionary Review Granted
October 5, 2016

Adam P. Rodriguez, Attorney at Law, Corpus Christi, TX, for Appellant

Mark Skurka, District Attorney, Douglas K. Norman, Asst. District Attorney, Corpus Christi, TX, for Appellee

Before Chief Justice Valdez and Justices Rodriguez and Benavides

## OPINION

Opinion by Chief Justice Valdez

Appellant Mark Edward Bolles challenges his conviction for one count of possession of child pornography. *See* TEX. PENAL CODE ANN. § 43.26(a) (West, Westlaw through 2015 R.S.). We reverse and render.

### I. BACKGROUND

#### A. Factual Background

On February 14, 2014, appellant entered the Corpus Christi Library and used one of the computers available to library patrons to browse the internet. Alex Hatley, the library's technology manager, noticed appellant viewing images of "what looked like partially clothed individuals." Hatley testified that he told a secretary to contact law enforcement because the images appeared to him to depict children.

Agent Brian Johnson of the Federal Bureau of Investigation arrived at the library in response to the call. At trial, Agent Johnson testified that he observed appellant from a distance and confirmed that he appeared to be viewing "what looked like nude children to me, and he was also holding a cell phone up to the screen and taking photographs of the screen." Agent Johnson briefly detained appellant and spoke to him. After appellant executed a written release consenting to a search of his phone, Agent Johnson released appellant and turned the phone over to the Corpus Christi Police Department's computer forensic division. The forensics division later recovered from the phone sever-

al photos of nude or partially nude females and one image of appellant's face and penis.[1]

## B. Legal Background

Appellant was indicted for three counts of possession of child pornography related to several of the images found on his phone. At the beginning of the bench trial, the State abandoned Count 3 and proceeded on Counts 1 and 2. Count 1 related to two images. The first—0214041031.jpg—is a complete reproduction of a photograph entitled *Rosie* by the nationally-known photographer Robert Mapplethorpe. *Rosie* depicts a young female child seated on a stone bench. She sits with her left leg drawn inwards towards her body while her right leg is vertical and bent at the knee. She touches the side of the bench with her right arm while her left arm reaches down in the direction of her left foot. She wears a dress but no underwear. As a result, her vagina is visible in a small part of the extreme lower portion of the image. The parties stipulated in writing that Mapplethorpe created the photograph in 1976 and that the original photograph is in the collection of the Guggenheim Museum in New York City. For clarity, we will refer to 0214041031.jpg as the "full image" and the minor depicted in it as "Rosie."

The second image—0214041031a.jpg—is a close-up of the full image which depicts only the vagina and a small portion of the edge of Rosie's dress. Appellant apparently created 0214041031a.jpg by using the zoom function on his camera phone to take a picture of that portion of the full image. We will refer to 0214041031a.jpg as the "cropped image."

The trial court convicted appellant of Count 1,[2] acquitted him of Count 2, and assessed a sentence of two years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II. Discussion

Appellant asserts in a single issue that the evidence is insufficient to support his conviction. He reasons that the cropped image cannot be lewd because it is only a portion of the full image, which is a work of art and not lewd. The State responds that the full image is lewd and sufficient to support appellant's conviction. The State argues in the alternative that the cropped image is lewd even if the full image is not.

## A. Standard of Review and Applicable Law

When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found that the State proved all the essential elements of the offense beyond a reasonable doubt. *McKay v. State*, 474 S.W.3d 266, 269 (Tex. Crim.App.2015) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In this review, the jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Id.* Our role is limited to ensuring that the State presented sufficient evidence supporting each element of the charged offense. *Id.* at 269–70. If the record supports conflicting inferences, we presume that the jury resolved the conflict in favor of its verdict and defer to that determination. *Whatley v. State*, 445

---

1. The trial court admitted most of the images recovered from the phone as State's Exhibit 4.

2. The trial judge did not specify which image was the basis of his verdict. As we explain below in Part II.B.1, both images form part of our sufficiency analysis.

S.W.3d 159, 166 (Tex.Crim.App.2014). Nevertheless, the due-process guarantee that requires proof of every element beyond a reasonable doubt "demands that we reverse and order a judgment of acquittal if a rational trier of fact would entertain a reasonable doubt as to the defendant's guilt." *Rabb v. State*, 434 S.W.3d 613, 616 (Tex.Crim.App.2014).

■ We measure the sufficiency of the evidence against the essential elements of the offense defined by the hypothetically correct jury charge for the case. *Anderson v. State*, 416 S.W.3d 884, 889 (Tex.Crim.App.2013). The hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict its theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim.App.1997)).

Under a hypothetically correct jury charge, appellant is guilty of possession of child pornography if he knowingly or intentionally possessed visual material which visually depicts "a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct," and he knew the material depicts the child in this manner. TEX. PENAL CODE ANN. § 43.26(a). Section 43.26 incorporates the definition of "sexual conduct" in section 43.25, which criminalizes sexual performance by a child. See *id.* § 43.26(b)(2). Section 43.25 defines "sexual conduct" to include a variety of behaviors, but the indictment listed only one: "lewd exhibition of the genitals." See *id.* § 43.25(a)(2) (West, Westlaw through 2015 R.S.). Thus, under the hypothetically correct jury charge for the case, the State was required to prove that appellant possessed an image of a minor engaging in

lewd exhibition of the genitals and that he knew the image depicted the child in that manner. *See Thomas v. State*, 444 S.W.3d 4, 8–9 (Tex.Crim.App.2014) (observing that the hypothetically correct jury charge is comprised of the statutory elements of the offense "as modified by the indictment").

## B. Analysis

### 1. The Trial Judge's Comments

We first address the effect on our sufficiency analysis of the trial court's comments when announcing its verdict. When announcing its verdict on Count 1, the trial court judge appeared to refer only to the cropped image:

> [Appellant] has altered the image and almost created a different image by blowing it up and changing it, and I know you have to take the image as a whole but when you create a different image then you can only take that image as a whole so I'm going to find him guilty on Count 1.

It was suggested in the briefs and at oral argument that the trial court's focus on the cropped image constituted an implied conclusion of law that the full image was not lewd. The State responds that we must disregard the trial court's comments to the extent it intended them as findings or conclusions.

■ We agree with the State. When reviewing the sufficiency of the evidence that supports a conviction "an appellate court should disregard a trial court's findings of fact and conclusions of law in their entirety, even when they support the trial court's judgment." *Robinson v. State*, 466 S.W.3d 166, 173 (Tex.Crim.App.2015). Regardless of whether the State proceeded on both images, each image was admitted into evidence, and so each is part of our

sufficiency analysis.[3] *See Winfrey v. State*, 393 S.W.3d 763, 767 (Tex.Crim.App. 2013) (observing that a sufficiency analysis encompasses all of the evidence admitted at trial). We disregard the trial court's comments to the extent they were intended as findings of fact or conclusions of law. *See Robinson*, 466 S.W.3d at 173.

### 2. The Meaning of "Lewd"

 Texas courts have recognized that "lewd" has a common meaning which juries are presumed to know and apply. *E.g. Tovar v. State*, 165 S.W.3d 785, 790 (Tex.App.–San Antonio 2005, no pet.). The Texas Penal Code does not define the term. We interpret undefined statutory terms according to their common usage unless the term has acquired a particular or technical meaning. *Kirsch v. State*, 357 S.W.3d 645, 650 (Tex.Crim.App.2012). We first look to the dictionary definition of the word. *See Clinton v. State*, 354 S.W.3d 795, 800 (Tex.Crim.App.2011) (observing that courts may look to dictionaries to ascertain the common meaning of undefined statutory terms). Black's Law Dictionary defines "lewd" as "obscene or indecent, tending to moral impurity or wantonness." *Lewd*, BLACK'S LAW DICTIONARY (9th ed.2009). The Merriam Webster Collegiate Dictionary defines the term, as relevant here, as: "sexually unchaste or licentious." *Lewd*, MERRIAM WEBSTER COLLEGIATE DICTIONARY (10th ed.1996). These definitions are consistent with how the First Court of Appeals has defined a "lewd" image: "[i]f the visual depiction is intended or designed to elicit a sexual response in the viewer, it is lewd." *Perkins v. State*, 394 S.W.3d 203, 209 (Tex.App.–Houston [1st Dist.] 2012, pet. ref'd) (citing *Alexander v. State*, 906 S.W.2d 107, 110 (Tex.App.–Dallas 1995, no pet.)). We are guided by the First Court of Appeals' formulation of the common meaning of "lewd" as applied to an "exhibition of the genitals," and apply it here.[4]

---

**3.** Appellant mentions in his brief that the State did not allege at trial that the full image was lewd: "[t]he State's argument throughout the trial was that when [appellant] zoomed in or cropped the [full image], that action resulted in a new image and that image was a lewd exhibition of the genitalia." We express no opinion on whether the State actually proceeded on the full image at trial because appellant did not brief this matter as a separate issue. While there is a rule of due process which prohibits affirming a conviction on a theory which was not presented to the trier of fact, it is a distinct legal rule from the sufficiency of the evidence, *see Adames v. State*, 353 S.W.3d 854, 859–60 (Tex.Crim.App. 2011), and we decline to address it in the absence of full briefing.

**4.** The State cautions that the sexual response elicited in a viewer by an image "need not be limited to sexual arousal" and may also include "shock, disgust, or offense, so long as they relate to the sexual nature of the exhibition." The State correctly points out that the United States Supreme Court has held that the First Amendment does not require that an image of a child must "appeal to the prurient interest of the average person" to be subject to prosecution as child pornography as images of adults must to be prosecuted as obscenity. *See New York v. Ferber*, 458 U.S. 747, 764, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982); *see also Roth v. United States*, 354 U.S. 476, 487 n.20, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957) (defining material that appeals to the "prurient interest" as "material having a tendency to excite lustful thoughts").

We agree with the State to the extent that the Legislature did not mean to impose an "appeals to the prurient interest" component in the definition of "sexual conduct" in penal code section 43.25. *Compare* TEX. PENAL CODE ANN. § 43.21(a)(1)(A) (defining one of the elements of obscenity as material or a performance that "the average person, applying contemporary community standards, would find that taken as a whole appeals to the prurient interest in sex") (West, Westlaw through 2015 R.S.) *with id.* § 43.25 (defining "sexual conduct" without a similar requirement) (West, Westlaw through 2015 R.S.). But the absence of a "prurient interest" requirement

### 3. The *Dost* Factors

To assist us in determining whether an image rises to the level of a "lewd" exhibition, both parties suggest that we adopt the six-factor test developed by the federal district court in *United States v. Dost.* 636 F.Supp. 828, 832 (S.D.Cal.1986), *aff'd sub nom. United States v. Wiegand,* 812 F.2d 1239 (9th Cir.1987), *and aff'd,* 813 F.2d 1231 (9th Cir.1987). The *Dost* Court suggested that the trier of fact look to the following nonexclusive list of factors, among others, which may be relevant in a particular case:

1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

2) whether the setting of the visual depiction is sexually suggestive, i.e. in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*United States v. Steen,* 634 F.3d 822, 826 (5th Cir.2011) (per curiam) (citing *Dost,* 636 F.Supp. at 832). "Although the *Dost* factors are not definitional, they are useful for assessing the sufficiency of evidence, and pose questions that are (at least) germane to the issue." *United States v. Riv-*

*era,* 546 F.3d 245, 250 (2d Cir.2008). Further, the sixth factor is not a separate substantive inquiry regarding the content of the image but is another way of asking whether the other five factors are met. *United States v. Franz,* 772 F.3d 134, 157 (3d Cir.2014).

The definition of "sexually explicit conduct" in the federal statute criminalizing child pornography refers to a "lascivious" exhibition of the genitals rather than the "lewd" exhibition in the Texas statute. *See* 18 U.S.C.A. § 2256(2)(A)(v) (West, Westlaw through P.L. 114–143). However, the original version of the statute referred to a "lewd" exhibition until statutory amendments replaced the term "lewd" with "lascivious." *See* Protection of Children Against Sexual Exploitation Act of 1977, Pub.L. No. 95–225, § 2(a) 92 Stat. 8, 9 (1978) (current version codified at 18 U.S.C. § 2256(2)(A)(v)). In spite of the statutory amendments, the federal courts of appeals "have uniformly treated the terms 'lewd' and 'lascivious' as materially equivalent." *United States v. Frabizio,* 459 F.3d 80, 85 (1st Cir.2006). Because of the similarities in the statutory language, at least four of our sister courts have adopted the *Dost* factors to assist in analyzing the sufficiency of the evidence that a particular image depicts a "lewd" exhibition. See *Perkins,* 394 S.W.3d at 209; *Tovar,* 165 S.W.3d at 791; *Alexander,* 906 S.W.2d at 110; see also *Bogany v. State,* No. 14–10–00138–CR, 2011 WL 704359, at *2 (Tex.App.–Houston [14th Dist.] Mar. 1, 2011, pet. ref'd) (mem. op., not designated for publication). The *Dost* factors are not without problems; courts applying them

does not mean that the Legislature intended to dispense with any requirement that the image display a minor "as a sexual object" in some way, even if that was not the exclusive or primary intent or design of the image. *See United States v. Wiegand,* 812 F.2d 1239, 1244

(9th Cir.1987); *see also* TEX. PENAL CODE ANN. § 43.25(a). As we explain later in the text of this opinion, such a holding would be inconsistent with the use of the phrase "lewd exhibition of the genitals" in the definition of sexual conduct.

have often become mired in numerous disputes regarding the meaning of each factor and how to apply them. *E.g., United States v. Brown,* 579 F.3d 672, 681–82 (6th Cir.2009); *Frabizio,* 459 F.3d at 88. But even the courts that adopted the *Dost* factors reluctantly nevertheless employed them out of the need for "neutral references and considerations to avoid decisions based on individual values or the revulsion potentially raised in a child pornography prosecution." *Rivera,* 546 F.3d at 252. We follow our sister courts in adopting the *Dost* factors as a useful but non-exclusive way of analyzing the sufficiency of the evidence that an image depicts a lewd exhibition of the genitals.

### 4. The Full Image

We now turn to the question of whether the full image is lewd.

#### a. May We Presume the Full Image is Lewd?

The State proposes that we adopt a presumption that an image depicting a nude minor constitutes a lewd exhibition of the genitals unless a reason for the nudity appears in the picture. According to the State's brief, this presumption would operate as "a sliding scale of protection, as in other areas of the law, based on the age of the subject" so that "the younger the subject [of the visual depiction] the more protection should be afforded and the less should be required to find that the exhibition of her genitals is lewd and unacceptable." The State argues that if we apply this presumption we can presume that the full image is lewd because of Rosie's age and the apparent lack of a reason for the nudity apparent within the image.

We decline to adopt the State's presumption. While the absence of an appropriate reason for nudity within an image will logically be relevant in many cases, in a sufficiency review "each case must be analyzed on its own facts." *Wise v. State,* 364 S.W.3d 900, 905 (Tex.Crim.App.2012) (reviewing a child pornography case on its own facts). Adopting the State's presumption would simplify a sufficiency analysis in cases involving alleged child pornography, but we are not free to carve out a special rule for such cases. Each case must be analyzed on its own facts as established by the specific evidence involved. *See id.*

#### b. Is the Full Image Lewd Under the *Dost* Factors?

■ We next analyze the full image under the *Dost* factors. The State argues that Rosie's vagina is essentially the focal point of the image even though it is not in the center of the frame because it is the most "attention-grabbing aspect." The State admits that the setting of the image is not sexually suggestive, but also argues that it does not suggest an innocent reason for the nudity. Regarding Rosie's posture, the State argues that it is not natural "but coached, as further evidenced by how intently she is staring at the photographer who is presumably telling her what to do." On the degree of nudity, the State reasons that the "selective exposure of only the child's genital region" is evidence that the image was intended to sexually excite or shock the viewer. In the State's view, "[i]t seems evident that the purpose [of the full image] is either to excite or to shock and offend the viewer, or some combination thereof." The State concludes its argument by asking us to consider the entire image and determine that a reasonable factfinder could conclude that Mapplethorpe[5] intended to invoke a sexual response of some kind by "purposefully ex-

---

**5.** We note that the State does not argue that
appellant is the creator of the full image.

posing the genitals of a toddler in this manner."

After considering all of the evidence, we conclude that the full image is insufficient to support appellant's conviction because it is not lewd.

First, Rosie's vagina is not the focal point of the image; it appears only at the very bottom of the frame. *See United States v. Amirault*, 173 F.3d 28, 33 (1st Cir.1999) (holding that the first factor was not met regarding an image of a girl standing naked on the beach because even though "the girl's pubic area is on clear display, there is no close-up view of the groin, and the genitals are not featured in the center of the composition"). And, as we explain below under the other factors, nothing about the image directs the viewer's attention to it.

Second, the setting of the image is a stone bench with what appears to be part of a plant towards the lower left area of the frame. Even though the exact location of the bench is not in the record, a stone bench is not a place traditionally associated with sexual activity. *See Franz*, 772 F.3d at 157 (identifying beds and bedrooms as places traditionally associated with sexual activity); *see also United States v. Boudreau*, 250 F.3d 279, 283 (5th Cir.2001) (observing that a park is not a setting traditionally associated with sexual activity). The second factor is not present.

Third, we agree that Rosie's posture does reveal her vagina and that she would be appropriately covered by her clothing if her posture was more conventional. However, even if we assume that Mapplethorpe posed her in this way, this factor suggests at most that he sought to take a picture which included her vagina. The posture does not emphasize the vagina, direct the viewer's attention to it, or otherwise suggest sexual activity. *Cf. Franz*, 772 F.3d at 157–58 (holding that a photograph of a

minor sitting nude on a bed with her legs spread apart suggested openness to sexual activity). We agree that this factor is present to a small extent.

Fourth, the factor of nudity is present because Rosie's vagina is visible. This factor is not sufficient by itself to enable a rational trier of fact to conclude the image is lewd because the statute requires more than nudity to reach that level. We must interpret a statute in a way that gives meaning to each word and phrase if reasonably possible. *See Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim. App.2014); *Harris v. State*, 359 S.W.3d 625, 629 (Tex.Crim.App.2011). The Legislature's decision to insert the qualifier "lewd" before "exhibition of the genitals" necessarily means that something more than a display of genitals is required to authorize a conviction. *See Tovar*, 165 S.W.3d at 791. A contrary reading would render the word "lewd" superfluous, and we decline to read that term out of the statute when it is possible to give it meaning. *See Dobbs*, 434 S.W.3d at 170; *Harris*, 359 S.W.3d at 629. Federal courts interpreting the phrase "lascivious exhibition of the genitals" have reached similar conclusions. *E.g. United States v. Russell*, 662 F.3d 831, 843 (7th Cir.2011) (holding that "more than nudity is required to render a photograph lascivious; rather, 'the focus of the image must be on the genitals or the image must be otherwise sexually suggestive' ") (quoting *United States v. Griesbach*, 540 F.3d 654, 656 (7th Cir. 2008)); *see United States v. Johnson*, 639 F.3d 433, 439 (8th Cir.2011); *Steen*, 634 F.3d at 826 (holding that "Steen clearly used [the minor] for the purposes of producing a nude video, but the statute requires more—the film must depict sexually explicit conduct"); *United States v. Knox*, 32 F.3d 733, 750 (3d Cir.1994).[6]

The fifth factor—whether the image suggests sexual coyness or a willingness to engage in sexual activity—is not present. The First Circuit has criticized the fifth factor when applying the federal statute because "[c]hildren do not characteristically have countenances inviting sexual activity, and the statute does not presume that they do." *Frabizio*, 459 F.3d at 89. The First Circuit's observation is equally applicable to the Texas statute. We agree, and thus assign little weight to the absence of the fifth factor.

Among the first five *Dost* factors, only the presence and degree of nudity could support a finding of lewdness. As we explained in greater detail above, a rational fact finder could not conclude that the image was lewd based on the nudity alone, but must have additional evidence that would enable it to conclude the full image was lewd. *See Tovar*, 165 S.W.3d at 791; *see also Steen*, 634 F.3d at 828. The State argues that taking the *Dost* factors together supports a conclusion that the full image is "essentially a toddler upskirt," an inherently sexual type of image. *See Com. v. Robertson*, 467 Mass. 371, 5 N.E.3d 522, 523 n.1 (2014) (defining "upskirting" as "the practice of secretly photographing underneath a woman's dress or skirt"). We agree in theory that a rational factfinder could conclude that an "upskirt" photo of a child was lewd because of the invasion of privacy inherent in taking the image without the consent of the subject. However, the State's own definition of an "upskirt"

photo is one that was taken without the consent or knowledge of the subject to satisfy voyeuristic impulses. *See id.* Here, by contrast, Rosie looks directly at the camera. Whether or not she understood the function of a camera because of her age, we cannot say that a rational factfinder could conclude the full image was made to satisfy someone's voyeuristic impulses.

The absence of indications of sexual display within an image is not necessarily fatal to the State's case because we may also consider the circumstances surrounding the creation of the image. *E.g. Perkins*, 394 S.W.3d at 209–10 (holding that recorded images of a teenage girl tending to "ordinary personal hygiene" were lewd because of "the invasion of personal privacy required to obtain the images and the exploitation of" the minor and the admitted fact that Perkins viewed the resulting videos with a friend). While the context surrounding the creation of the full image could provide evidence of lewdness, the record here does not contain any evidence of the circumstances surrounding Mapplethorpe's creation of the full image.

To sum up, there is only the factor of nudity within the full image to reflect Mapplethorpe's intent, and we have no information of the context surrounding the creation of it. We may not uphold a verdict based on speculation regarding Mapplethorpe's possible intentions. *See Rabb*, 434 S.W.3d at 617. Without evidence of Mapplethorpe's intent beyond what is in the record, and because there is no evi-

---

**6.** Dicta from the Texas Court of Criminal Appeals supports our conclusion. *See Savery v. State*, 819 S.W.2d 837, 838 n.1 (Tex.Crim. App.1991). In *Savery*, the Texas Court of Criminal Appeals held that the defendant's conviction for violating section 43.26 was unaffected by a recent United States Supreme Court case which addressed an overbreadth challenge to a statute criminalizing possession of "nude" images of minors. *Id.* (citing

*Osborne v. Ohio*, 495 U.S. 103, 112, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990)). Savery had not made a constitutional challenge to the Texas statute like the challenge at issue in *Osborne*, but the Court observed that *Osborne* was inapplicable anyway because section 43.26 "prohibits the display of children 'engaging in sexual conduct' " rather than displays of nudity. *Id.*

dence other than the child's partial nudity, a rational trier of fact could not conclude that the full image depicts a "lewd" exhibition of the genitals under section 43.26. *See* TEX. PENAL CODE ANN. § 43.26(a).

### 5. The Cropped Image

We next consider the cropped image, which the State argues constitutes a lewd exhibition in its own right.

■ As a threshold matter, we address an issue raised by the State separate from appellant's sufficiency challenge. A person commits the offense of possession of child pornography by possessing "visual material that visually depicts a child *younger than 18 years of age at the time the image of the child was made* who is engaging in sexual conduct" and "the person knows the material depicts the child" in this manner. TEX. PENAL CODE ANN. § 43.26(a) (emphasis added). The State candidly points out that if we conclude that the full image is not lewd an issue arises regarding when the cropped image was "made." The State concedes that the parties' stipulation conclusively establishes that the full image was made in 1976 and so "[o]ne might argue that the cropped image was 'made' when [appellant] cropped it in 2014 to render it, if it was not already, lewd, offensive, and sexually suggestive, at least to the extent that he thereby created a new or newly pornography depiction of the child." Nevertheless, the State insists that the better argument is that the cropped image was also " 'made' in 1976 when the photograph was taken and the child was clearly under 18." Put another way, the State's argument is that the cropped image "was 'made' at the time the photograph was taken, regardless of the fact that it was later altered to further sexualize the conduct in question."

■ The State provides no supporting case law for its argument, and we have

found none interpreting this portion of section 43.26(a). Nevertheless, we disagree with the State's argument regarding when the cropped image was made. The statute does not define what the Legislature meant by "at the time the image of the child was made," but the ordinary meaning of the word "make" is "to cause (something) to exist." *Make*, Black's Law Dictionary (9th ed.2009). Thus, the ordinary meaning of the statutory language is that the minor depicted in the image must have been below the age of 18 when the image was created. We agree with the State that the stipulation established that the full image fulfills this requirement. But we have already held that the full image does not depict a lewd exhibition of the genitals. If we accept the State's argument that the cropped image is distinct from the full image and thus has distinct content, the cropped image must have been made at a different time. The only evidence in the record regarding the cropped image is that it was made when appellant manipulated the full image in 2014 at the Corpus Christi library, and there is no dispute that Rosie was over the age of 18 at that time. Whether or not the cropped image depicts a lewd exhibition of the genitals—an issue we express no opinion on—a reasonable jury could not conclude that it depicts a person who was under the age of 18 "at the time the image was made." *See* TEX. PENAL CODE ANN. § 43.26(a)(1); *see also Dobbs*, 434 S.W.3d at 170 (observing that courts must give effect to the plain meaning of the statutory language if possible). We hold the cropped image is insufficient to support appellant's conviction on Count 1.

### 6. Summary

In sum, we hold that the evidence is insufficient to support the conviction on Count 1 because: (1) the full image does

not depict a lewd exhibition of the genitals, and (2) the cropped image does not depict a person who was under the age of eighteen at the time the image was made.[7] We sustain appellant's sole issue.[8]

### III. Conclusion

We reverse the trial court's judgment and render a judgment of acquittal on Count 1.

---

**7.** The State raises the possibility that holding for appellant regarding the cropped image would allow other persons who possess child pornography to essentially immunize themselves from prosecution by taking photographs of the material while making insubstantial changes to the image. We stress that our holding regarding the cropped image is dictated by our holding that the full image is not lewd. On the facts of this case, the cropped image must have been made at a different time than the full image, and the only evidence in the record reflected that appellant made the cropped image in 2014. Nothing in the opinion addresses whether a person commits an offense under section 43.26 by duplicating a photograph which itself qualifies as child pornography while making changes to the resulting image.

**8.** Even though we decided this case based on Texas law, we note that we are not the first court to struggle with the question of whether an image created by Robert Mapplethorpe qualifies as pornography. *See Osborne*, 495 U.S. at 127 n.2, 110 S.Ct. 1691 (Brennan, J., dissenting) (considering whether "erotic art along the lines of Robert Mapplethorpe's" would qualify for the "bone fide artistic purpose" exception to an Ohio statute prohibiting possession of nude photographs of minors); *United States v. Simmons*, 343 F.3d 72, 81 (2d Cir.2003) ("Whether Sally Mann's photographs of her three prepubescent children, sometimes nude or partially clothed, or Robert Mapplethorpe's explicit images of sexual practices, fall within the scope of pornography are matters of considerable debate."); *see also Contemporary Arts Ctr. v. Ney*, 735 F.Supp. 743, 744 (S.D.Ohio 1990) (granting an injunction preventing city authorities from seizing an exhibition of Mapplethorpe's photographs before a court determined whether the photographs were legally obscene).