Richardson, J., delivered the opinion for a unanimous Court.
*130 Appellant, Mark Bolles, was found guilty of the offense of possession of child pornography[1] and sentenced to two years in prison. The Thirteenth Court of Appeals reversed Appellant's conviction and rendered a judgment of acquittal, holding that the evidence-which consisted of two images taken by Appellant's cell phone-was insufficient to support his conviction.[2] We find that the court of appeals erred in holding that the evidence was insufficient. We reverse the judgment of the court of appeals and remand the case to the trial court with instructions to reinstate Appellant's conviction and his sentence.
BACKGROUND
According to witnesses who testified at Appellant's bench trial, on February 14, 2014, Appellant was seen using one of the Corpus Christi Library computers to browse the internet. Alex Hatley, the library's technology manager, noticed Appellant viewing images of what looked like "partially clothed" children. FBI agent Brian Johnson was asked by the library secretary to check on what Appellant was viewing on the library's computer. He observed Appellant viewing and taking cell phone pictures of a computer screen of "nude children." Agent Johnson approached Appellant and asked what he was looking at on the computer. Appellant accompanied Agent Johnson upstairs, chose not to speak to him or to the police, but allowed Agent Johnson to take his cell phone. Agent Johnson then released Appellant and turned the phone over to the Corpus Christi Police Department's computer forensic division.
Among the images discovered on Appellant's cell phone and admitted into evidence was one that he photographed from the computer screen of a famous portrait by photographer Robert Mapplethorpe. It is a portrait of a young girl of about three years old, sitting on a stone bench. The court of appeals's opinion accurately describes this image in detail:
The first-0214041031.jpg-is a complete reproduction of a photograph entitled Rosie by the nationally-known photographer Robert Mapplethorpe. Rosie depicts a young female child seated on a stone bench. She sits with her left leg drawn inwards towards her body while her right leg is vertical and bent at the knee. She touches the side of the bench with her right arm while her left arm reaches down in the direction of her left foot. She wears a dress but no underwear. As a result, her vagina is visible in a small part of the extreme lower portion of the image. The parties stipulated in writing that Mapplethorpe created the photograph in 1976 and that the original photograph is in the collection of the Guggenheim Museum in New York City.
*131 Another image taken from Appellant's cell phone and admitted into evidence is a zoomed-in cropped image of that same portrait (0214041031a.jpg). It appears that Appellant created this second image by using the zoom or magnification function on his camera. The cropped image is a close-up image of the child's genitals and part of her right leg. Part of her dress and part of her left hand are also visible.
The Appellant viewed other images of naked children while logged on to the library computer, and some were copied to his cell phone. Appellant also had several images of what appeared to be his own penis on his cell phone.
Appellant was indicted for three counts of possession of child pornography related to several of the images found on his phone. Count 3 was abandoned by the State before the trial began because, according to the record, the parties and the judge agreed that it was based on an image of a young adult woman. Count 2 alleged possession of an image depicting the lewd exhibition of a child's breast. After the trial, and upon reviewing the image of a young nude girl touching her breast, which was the basis for Count 2, the trial court found Appellant "not guilty" on Count 2.
This appeal involves only Count 1, which alleged that Appellant,
on or about February 18, 2014, in Nueces County, Texas, did then and there intentionally and knowingly possess visual material that visually depicted, and which the defendant knew visually depicted, a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, lewd exhibition of the genitals.
At trial, the State repeatedly emphasized that Count 1 was based only on Appellant's possession of the zoomed-in cropped image of the child's genitals. In fact, the prosecutor signed a "Stipulation of Evidence" clarifying that: "The image complained of in Count 1 of the indictment is a portion of a larger photograph entitled 'Rosie' taken by photographer, Robert Mapplethorpe in 1976, and can be viewed at the Guggenheim Museum in New York City."
In finding Appellant guilty on Count 1, it was clear that the trial court judge agreed with the State's position that, by zooming in and cropping out an image of only the child's genitals, Appellant created an image that was distinct from the original photograph taken by Robert Mapplethorpe. The trial court convicted Appellant on Count 1 and assessed a sentence of two years' imprisonment.
The court of appeals reversed Appellant's conviction. It held that "the evidence was insufficient to support the conviction on Count 1 because (1) the full image does not depict a lewd exhibition of the genitals, and (2) the cropped image does not depict a person who was under the age of eighteen at the time the image was made."[3] We granted the State's petition for discretionary review to review the holding of the court of appeals.
ANALYSIS
A. Section 43.26(a) -Possession of Child Pornography
Texas Penal Code section 43.26(a) provides that a person commits the offense of possession of child pornography if:
(1) the person knowingly or intentionally possesses, or knowingly or intentionally accesses with intent to view, visual material that visually *132 depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct ...; and
(2) the person knows that the material depicts the child as described by Subdivision (1).[4]
According to section 43.26(b)(2), the term "sexual conduct" has the meaning assigned by Penal Code section 43.25(a)(2), which defines the term as including, among other things, the "lewd exhibition of the genitals."[5]
B. On Direct Appeal
On direct appeal, Appellant asserted that the evidence was legally insufficient to sustain the trial court's guilty verdict that Appellant intentionally and knowingly possessed material that visually depicted, and which the Appellant knew visually depicted, a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, namely, the lewd exhibition of the genitals. Specifically, Appellant argued that the evidence was insufficient to prove that the cropped image is "lewd" because the original photograph taken by Robert Mapplethorpe is not "lewd." Appellant's position was that a portion of a "legal photograph cannot be considered illegal."
The State countered with the argument that the original full image of the child does involve the "lewd exhibition" of the child's genitals, and therefore, the cropped image of the child's genitals is also a "lewd exhibition of the genitals." The State claimed that, because the original full photograph was in Appellant's possession and was entered into evidence, that image alone was sufficient to support the present charge concerning possession of child pornography. We note that this was not the position taken by the prosecuting attorneys at trial.[6] The State also advanced on direct appeal the argument that it made at trial-that the cropped image of the child's genitals is a separate and distinct image and a lewd exhibition in its own right.[7]
In addition, the State presented an argument on direct appeal anticipating an *133 argument that was never presented by Appellant:
Although [Appellant] has failed to raise this issue, the State feels compelled, in candor to the Court, to note that the parties' stipulation that the photograph, from which the cropped image was created, was taken in 1976, [and] conclusively shows that the child of 1976 must have been much older than 18 at the time the image was manipulated or cropped by [Appellant] in 2014.[8]
The State theorized that Appellant could have argued "that the cropped image was 'made' when [Appellant] cropped it in 2014,"[9] so even if the cropped image is "lewd," it is not an image of a child that was "made" when the child was under 18. After outlining this theoretical argument on behalf of Appellant (one the Appellant did not make), the State then rebutted it by urging that the cropped image was still "made" in 1976 when the photograph was taken and the child was clearly under 18. It is unclear why the State took the strategy of countering an argument that was not raised by Appellant.
In its memorandum opinion, the court of appeals stated that it was addressing the lewdness of both images (the original full image and the zoomed-in cropped image) as part of its sufficiency analysis-despite the State's clear representation at trial that Count 1 was based only on the cropped image, and notwithstanding the trial court's explanation that Appellant was guilty on Count 1 because he created a different image when he took a zoomed-in picture of the child's genitals: "Regardless of whether the State proceeded on both images, each image was admitted into evidence, and so each is part of our sufficiency analysis."[10]
The court of appeals reversed Appellant's conviction on Count 1, holding that the evidence was insufficient to support the conviction. As to the original full image of the child, the court of appeals decided that the full image is not child pornography because it does not depict a "lewd exhibition of the genitals." Following that holding, the court of appeals then held that the cropped image could not support the conviction on Count 1 because, having been "made" in 2014 at the time of cropping, that image does not depict a person who was under the age of eighteen at the time the image was made, and thus could not be child pornography.[11]
C. Standard of Review
Considering only the zoomed-in cropped image, the trial court held that the image constituted possession of child pornography as alleged in Count 1. The court of appeals disagreed, and held that the zoomed-in cropped image did not constitute child pornography and was thus insufficient to support Appellant's conviction for possession of child pornography. We conduct our sufficiency review by examining all the evidence in the record in the light most favorable to the verdict to determine whether "any rational trier of fact could have found the essential elements *134 of the crime beyond a reasonable doubt."[12] We conduct a de novo review of mixed questions of law and fact that do not depend on the credibility and demeanor of witnesses.[13] Moreover, the meaning of the undefined statutory phrase "lewd exhibition of the genitals" is a matter of law which we review de novo as well.[14] Thus, in assessing whether any rational trier of fact could have found the essential elements of the crime of possession of child pornography beyond a reasonable doubt, while we still assess the evidence in the light most favorable to the verdict, we conduct a de novo review to determine whether the zoomed-in cropped image constitutes "child pornography."[15]
D. The Zoomed-In Cropped Image, Standing Alone, Is Sufficient Evidence of Child Pornography
Appellant argued on direct appeal, and argues before this Court, that because the original full image is not child pornography, but is a work of art and a form of expression by Robert Mapplethorpe, and is thus protected by the First Amendment, a magnified and cropped portion of that photograph, although a separate and distinct image, cannot be considered child pornography. We disagree.
(1) The cropped image depicts the genitals of a child under the age of 18
The court of appeals concluded that if it were to "accept the State's argument that the cropped image is distinct from the full image and thus has distinct content," then it would have to also conclude that the cropped image was "made at a different time."[16] And, said the court of appeals, given that, "a reasonable jury could not conclude that it depicts a person who was under the age of 18 'at the time the image was made.' "[17] We disagree with this reasoning.
Zooming in and taking a magnified picture of a small portion of an existing photograph of a child-even a work of art-constitutes the creation of a new and separate visual depiction of that child. But such image re-creation does not reset the date that the original image of that same underage child "was made," such that the newly created image is no longer of a child under the age of 18. The manipulation of an existing image of a child is simply the creation of a different piece of visual material of that child at that age. We agree *135 with the State's argument that the court of appeals failed to properly distinguish between when the image of the child was made and when the visual material was created. A photograph captures a moment in time. The date that a photograph is taken does not change, and a photograph of a child is "made" on the date the photograph was taken. The age of the child at the time the image is made will always stay the same.
The full image of this child was made on the day that photograph was taken in 1976 when the child was three years old. The cropped image of just the child's genitals was created as a new depiction[18] -a distinct piece of visual material-in 2014. But the child's image was still "made" for purposes of section 43.26 on the day the photograph was taken in 1976 when she was under the age of 18.
The State is correct that this interpretation is consistent with the overall purpose of child pornography statutes to protect, among other things, the present reputation of the child who is the subject of the image.[19] We also agree with the State that the court of appeals's interpretation could lead to absurd results that the Legislature could not have intended.[20] For example, a photograph of a child could be taken when the child was younger than 18 and later be manipulated into a different image when the child is older than 18. Under the court of appeals's reasoning, even if the edited image now depicts the child engaging in sexual conduct, the manipulated depiction could not be considered child pornography because it was "made" after the child had turned 18. This absurd result could not have been the Legislature's intent.
We conclude that the court of appeals erred in holding that the cropped image was not child pornography because it did not depict a child under the age of 18. Even had we not known of or viewed the full original Mapplethorpe image, it is obvious from viewing the cropped image that it is an image of the genitals of a child under the age of 18.
(2) Child pornography can result from image manipulation of an original image that may not be considered child pornography
A new and different image can be created from an existing photograph, depending on how the original image is edited, cropped, or manipulated. "Morphing" an image into child pornography occurs when someone "alter[s] innocent pictures of real children so that the children appear to be engaged in sexual activity."[21] If an image can be edited such that it appears to be a different image, the newly created image could be considered child pornography even though the original image from which that image was taken is not child pornography.[22]
*136 Several courts in other jurisdictions have held that cropping or editing an otherwise innocent picture can result in child pornography. In United States v. Stewart ,[23] the Sixth Circuit held that child pornography can result from image manipulation and that such images are not afforded First Amendment protection. In that case, said the court, "[t]he jury could have reasonably inferred that the act of image editing, combined with the peculiar composition of the resultant images"-a close-up of a child's genitals-"demonstrated that the images were designed or intended to elicit a sexual response in the viewer."[24] In Shoemaker v. Taylor ,[25] the Ninth Circuit held that innocent pictures of nude children, when "morphed" into images of children engaging in sexual activity, were not protected speech under the First Amendment.[26] In United States v. Brown ,[27] the court held that, "the fact that the photographs do not include the girls' heads is odd and repeated, and when considered together with the focus on the girls' pubic area, suggests that there may have been an inappropriate or lascivious focus."[28] In United States v. Johnson ,[29] the Eighth Circuit held that a reasonable jury could find the video clips of minors weighing themselves in an examination room were intended to be lascivious because the video camera involved in the production of the images was angled and zoomed such that "the frame encompassed their nude bodies from their shoulders to below their knees."[30] In United States v. Horn ,[31] the court held that freeze-framed images of videotapes were "lascivious" because "shots of young girls are freeze-framed at moments when their pubic areas are most exposed, as, for instance, when they are doing cartwheels; and these areas are at the center of the image and form the focus of the depiction.... The 'lascivious exhibition' is not the work of the child, whose innocence is not in question, but of the producer or editor of the video."[32] In United States v. Hotaling ,[33] the court held that child pornography was created "by digitally altering sexually explicit photographs of adults to display the face of a child."[34] The court concluded that the image in question was not protected expressive speech under the First Amendment and that the photograph was morphed to portray a partially nude minor.[35] In *137 United States v. Holmes ,[36] the Eleventh Circuit held that "depictions of otherwise innocent conduct may in fact constitute a 'lascivious exhibition' of the genitals of a minor based on the actions of the individual creating the depiction," and, in that case, a reasonable jury could have found that the defendant created a lascivious exhibition of the genitals or pubic area.[37] Even edited images of a child's pubic area that is covered by clothing has been considered to be child pornography. In United States v. Knox ,[38] the court held that videotapes that focus on the genitals and pubic area of minor females constituted a lascivious exhibition of the genitals even though the body parts were covered by clothing.[39]
We found only one case that has held differently, but the facts of that case differ from the facts in this case. In Commonwealth v. Rex ,[40] a state court case out of Massachusetts, there was no image editing, morphing, magnification, or manipulation on a phone or computer. The defendant simply cut, with scissors, small portions of photographs out of a National Geographic magazine and a sociology textbook. The pictures that were cut out were portions of larger pictures which included multiple nude figures of children and adults engaged in various innocent activities. The court held that
the cropped photocopy cannot be disassociated from the source photograph.... The fact that one could take an innocently framed photograph [of several nude children and adults] and crop it so that a child's genitalia appear more central cannot transform the photograph into child pornography.... [T]he court is of the opinion that an individual cannot be found to have committed a felony by cutting out part of a photograph, the possession of which is not a crime.[41]
Significantly, we note that the Commonwealth v. Rex court concluded that, "in any event, even as cropped, none of the photocopies focus on the genitalia or pubic areas."[42]
We recognize that Commonwealth v. Rex illustrates how our holding today might potentially be interpreted to extend to such a fact situation. However, we find the facts of this case, which involve digital image manipulation and recreation, sufficiently distinguishable from what took place in Commonwealth v. Rex . Thus, we find Commonwealth v. Rex unpersuasive here. In this case, the cropped image was recreated as a separate image, no longer seen in its original context. The cropped image of the child's genital area is a magnification and manipulation of the original photograph, morphed into a separate image. Computer access and cell phone photography and editing add a different perspective to this issue.
We emphasize that the determination of whether an image is a lewd exhibition of the genitals must be done on a case-by-case, picture-by-picture basis. Under these facts, we are not persuaded to decide this case differently because a court in another state has held that pictures cut out of a National Geographic magazine and *138 a sociology textbook do not constitute child pornography. Rather, we join the majority of courts cited above that have held that a lascivious or lewd exhibition can be created by an individual who manipulates an existing photograph of a minor into a different image even when the original depiction is one of an innocent child acting innocently.
(3) Determining whether the cropped image depicts the "lewd exhibition" of the child's genitals
In this case, whether the cropped image constitutes child pornography under section 43.26 of the Texas Penal Code depends upon whether such image depicts a child who is engaging in the "lewd exhibition" of the child's genitals under Texas Penal Code section 43.25(a)(2).[43] The term "engaging" is not statutorily defined. Similarly, neither the word "lewd" nor the phrase "lewd exhibition of the genitals" has been statutorily defined by the Texas Legislature. Texas Government Code section 311.011 provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage."[44] As this Court stated in Kirsch v. State , "jurors may 'freely read [undefined] statutory language to have any meaning which is acceptable in common parlance.' "[45] Phrases such as "engaging in," "sexual activity," and "lewd exhibition" are terms that lay people are perfectly capable of understanding.[46] "In determining plain meaning" of an undefined statutory term, "we can consult dictionary definitions, ... read words in context, [and] apply[ ] rules of grammar...."[47] Black's Law Dictionary defines "lewd" as "[o]bscene or indecent; tending to moral impurity or wantonness."[48] "Lewdness" is further defined in Black's Law Dictionary as "a sexual act *139 that the actor knows will likely be observed by someone who will be affronted or alarmed by it."[49]
We may also turn to case law-both state and federal-for assistance in interpreting the meaning of an undefined term. Some jurisdictions have held that a nude depiction of a child, absent any explicit sexual conduct on the child's part, is not a depiction of a child engaging in "sexual conduct" by way of a lewd exhibition of the child's genitals.[50] As discussed below, however, we find more persuasive the holdings of other jurisdictions that do not require intent, knowledge, or even awareness on the part of the child with regard to whether the exhibition of their genitals is considered to be lewd or not.[51] In fact, to suggest that a child has to be doing something sexual in order for the image to be considered lewd would effectively exclude from the definition of child pornography all images of children who are too young to understand what "sexual" even means. To interpret the statute as requiring some form of mens rea on the part of the child would be an absurd result the legislature could not have intended.[52]
The federal child pornography statute is worded similarly to the pertinent portions of sections 43.26 and 43.25,[53] except that, in the federal statute, the word "lascivious" is used instead of "lewd." However, it has been widely understood that the terms "lewd" and "lascivious" are "virtually interchangeable."[54] To determine whether depictions *140 of nude children are "lascivious," "lewd," or "for the purpose of sexual stimulation of the viewer," and thus child pornography, several federal and state courts have relied on what have been referred to as the Dost factors.
In United States v. Dost,[55] the defendants took several photos of a fourteen year-old girl sitting naked in various poses, and they took one photo of a ten year-old girl sitting nude on the beach.[56] The defendants were charged under the federal statutes making the production and possession of child pornography unlawful. At issue in Dost was whether the photos of the minor girls constituted "a lascivious exhibition of the genitals or pubic area." The federal district court listed six factors that may be used to evaluate this issue:
1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
4) whether the child is fully or partially clothed, or nude;
5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.
The Dost court concluded that all of the photographs depicted a minor engaged in the lascivious exhibition of her genitals or pubic area.[57] The Dost factors "are useful *141 for assessing the sufficiency of evidence, and pose questions that are (at least) germane to the issue."[58] "A visual depiction need not involve all of these factors to be a lascivious exhibition of the genitals or pubic area."[59] The Dost factors are simply guideposts or a starting point.[60] Some of the six Dost factors may not be relevant, and other factors not enumerated in Dost may be relevant.[61] The ultimate determination of whether the material depicts a "lewd" or "lascivious" exhibition must be made based "on the overall content of the visual depiction."[62]
The Fifth Circuit has defined "lascivious exhibition" as "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer."[63] Moreover, while recognizing that they are not exhaustive and that no one factor is dispositive, the Fifth Circuit has applied the six Dost factors to aid in determining whether a particular depiction is lascivious.[64]
Although this Court has never addressed the meaning of "lewd exhibition," several intermediate appellate courts in Texas have done so, and all of them have utilized the Dost factors to assist them in evaluating whether an image is a "lewd exhibition" for purposes of the child pornography laws. In Perkins v. State ,[65] the First Court of Appeals held that videos of a teenage girl dressing and undressing in her bedroom were "lewd" because they reflected an "invasion of personal privacy ... and the exploitation of an innocent child victim."[66] The First Court of Appeals stated that "jurors were permitted to rely on their common sense to conclude that these images of a teenage girl-who had *142 undressed in the belief that she had privacy in the bathroom-were created and preserved to appeal to deviant and voyeuristic interest of the viewer, and thus the images were intended or designed to elicit a sexual response."[67] Citing to the Dost factors, the First Court of Appeals held that,
These factors have been adopted by many state courts for analyzing analogous issues arising under state child pornography laws, including courts in Texas which have treated the term "lascivious" as used in the federal statute as synonymous with "lewd" as used in the Texas statute.... We agree with the other Texas courts of appeals which have applied the Dost factors as a framework for analyzing whether images could be considered "lewd" for purposes of the child pornography laws.[68]
In Tovar v. State ,[69] the Fourth Court of Appeals followed the Dost factors, as paraphrased by the Fifth Court of Appeals in Alexander v. State :
Tovar argues that the evidence is legally insufficient because the photographs do not show a lewd exhibition of genitals by the child. We disagree. In determining whether a visual depiction of a child constitutes a lewd exhibition of genitals, courts should consider whether (1) the focal point of the visual depiction is the child's genitalia, (2) the place or pose of the child in the photograph is sexually suggestive, (3) the child is depicted in an unnatural pose or inappropriate attire, (4) the child is fully or partially clothed or nude, (5) the visual depiction suggests sexual coyness or a willingness to engage in sexual activity, or (6) the visual depiction is intended or designed to elicit a sexual response in the viewer.
* * *
In considering the factors noted above, the focal point of many of the visual depictions are the child's genitalia. The child's poses are sexually suggestive. The child is completely nude. Many of the visual depiction suggest sexual coyness or a willingness to engage in sexual activity. And, the visual depictions do appear to be intended or designed to elicit a sexual response in the viewer.[70]
In Dawes v. State ,[71] the Fifth Court of Appeals followed Alexander and Tovar , listing the same six factors cited above and concluding that the subject images were lewd sexual images "and not documentary or artistic in nature."[72]
We acknowledge that we are not bound by Dost when assessing whether an image depicts a "lewd exhibition."[73] These factors *143 do not define the term "lewd exhibition."[74] As emphasized above, they serve only as a guide, and no single factor is dispositive. The term "lewd exhibition" is capable of being interpreted by a trier of fact using any meaning which is acceptable in common parlance.[75] Whether an image falls within the statutorily defined category of child pornography under Texas state law is a question that must be answered on a case by case basis. Thus, borrowing from what Justice Stewart famously observed about pornography in his concurring opinion in Jacobellis v. Ohio ,[76] we shall not attempt further to define the kinds of material we understand to be child pornography; and perhaps we could never succeed in intelligibly doing so. But we know it when we see it.[77] The Dost factors aid us in assessing how and why we know it when we see it. We will therefore consider the Dost factors in assessing whether the zoomed-in cropped image constitutes an image of a child under 18 engaged in the "lewd exhibition of the genitals."
(4) The zoomed-in cropped image satisfies all six Dost factors
First, the child's genital area is the focal point of the cropped image. There is very little else in the image to view except the child's genitals. Regarding the second and third factors, since the image is of only the child's genital area, it could be viewed as unnatural and sexually suggestive. The genitals are exposed and the child's legs are clearly apart. Creating an image of only the child's genitals in this pose is definitely sexually suggestive. Fourth, since the image is a close-up of the child's genitals, it is an image depicting a child who is at least partially nude. The fifth factor, whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity, can be presumed because of how the image was manipulated-although little can be seen of the child's legs, they appear to be spread apart. Finally, the visual depiction created by Appellant appears to have been intended and designed by Appellant to elicit a sexual response in the viewer.
As the court stated in United States v. McCall , "it is the depiction -not the minor-that must bring forth the genitals or pubic area to excite or stimulate."[78] Thus, the context of the making of the cropped image and the composition of the image, as cropped, can factor into this evaluation.[79]
*144 The magnified cropped image is not a work of art hanging in a museum or depicted in books containing Robert Mapplethorpe's work. The magnified and cropped image is a picture of a child's genitals, legs spread open. We find that this image constitutes a "lewd exhibition" of her genitals. It would be difficult to conclude otherwise since all six Dost factors have been satisfied.
CONCLUSION
In sum, we hold that child pornography can result from image editing and manipulation. In this case, the act of zooming in, magnifying, and retaking the image as cropped is a form of image editing. The act of image manipulation combined with the particular composition of the edited image-i.e., a close-up of the child's genital area-resulted in the creation of a different image that constitutes the "lewd exhibition" of a child's genitals.
We therefore hold that the evidence is sufficient to support the Appellant's conviction on Count 1 because the zoomed-in cropped image depicting a child's genitals constitutes child pornography as that term is defined in Texas Penal Code sections 43.26 and 43.25(a)(2).[80] We reverse the judgment of the court of appeals and remand the case to the trial court with instructions to reinstate the judgment of conviction and the sentence.

Tex. Penal Code § 43.26(a) provides that "A person commits an offense if: (1) the person knowingly or intentionally possesses, or knowingly or intentionally accesses with intent to view, visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct ...; and (2) the person knows that the material depicts the child as described by subdivision (1)."

Bolles v. State , 512 S.W.3d 456, 466-67 (Tex. App.-Corpus Christi-Edinburg 2016).

Bolles , 512 S.W.3d at 466-67.

Tex. Penal Code § 43.26(a)(1), (2).

Tex. Penal Code § 43.25(a)(2). "Sexual conduct" is defined as "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola."

In her opening statement, the prosecutor explained, "You will hear that these images are images that, yes, do hang in the Guggenheim Museum but with the cropping of those pictures we believe that the evidence will show that the Defendant knew what he was doing and that he was purposing [sic ] cropping those shots to focus on the children's private areas."
And the prosecutor further stated in her closing argument to the court that, "Count 1 specifically dealing [sic ] with lewd exhibition of the genitals and I believe that it's clear that we're dealing with the photograph of the young girl on the front porch where her labia had been cropped out from the original picture and made into a picture by the zoom function of a camera or from the phone of the computer screen, and that is in fact lewd exhibition of the genitalia.... Count 1 is the bottom left image on page 4 of 12 in State's Exhibit No. 5."
In the prosecutor's summation she stated that, "[I]t's the State's position that the original image, the original image that we stipulated to having been taken by Robert Mapplethorpe ... [is] wholly inappropriate, but the image by this Defendant by cropping-in the first photo by cropping out everything that could be considered artistic, leaving only the genitalia of maybe a six-year-old child ... [is] in fact child pornography. It's the State's position that when [that photograph was] cropped by this Defendant he knew exactly what he was doing and had every intention of creating [an] image that would be sexually arousing involving [a] young [child]...."

See supra note 6.

Brief for State, at *18 n.4, Bolles v. State , 512 S.W.3d 456 (Tex. App.-Corpus Christi-Edinburg 2016).

Id.

Bolles , 512 S.W.3d at 460-61 (citing Winfrey v. State , 393 S.W.3d 763, 767 (Tex. Crim. App. 2013) ); see Winfrey v. State , 393 S.W.3d at 767 (observing that a sufficiency analysis encompasses all of the evidence admitted at trial); see also Adames v. State , 353 S.W.3d 854, 859-60 (Tex. Crim. App. 2011) (explaining that sufficiency of the evidence to support a conviction is measured based on a hypothetically correct jury charge).

Bolles , 512 S.W.3d at 467.

See Villa v. State , 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) (first citing Jackson v. Virginia , 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ; and then citing Liverman v. State , 470 S.W.3d 831, 835-36 (Tex. Crim. App. 2015) ).

E.g. , Rivera v. State , 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

Cary v. State , 507 S.W.3d 750, 756 (Tex. Crim. App. 2016) ("Statutory construction is a question of law, which we review de novo. "); see United States v. Horn , 187 F.3d 781, 789 (8th Cir. 1999) ("The meaning of the phrase 'lascivious exhibition of the genitals or pubic area' is a matter of law which we review de novo. "); see also Alexander v. State , 906 S.W.2d 107, 109-10 (Tex. App.-Dallas 1995, no pet.) (defining the Texas statutory phrase, "lewd exhibition of the genitals," based on the statutory construction of federal case law).

See State v. Duran , 396 S.W.3d 563, 570 (Tex. Crim. App. 2013) ("[A]ppellate courts may review de novo 'indisputable visual evidence' contained in a videotape...." (citing Carmouche v. State , 10 S.W.3d 323, 332 (Tex. Crim. App. 2000) )). "[T]he nature of the evidence presented in the videotape does not pivot 'on an evaluation of credibility and demeanor.' Rather the videotape presents indisputable visual evidence contradicting essential portions of [the officer's] testimony...." Carmouche , 10 S.W.3d at 332.

Bolles , 512 S.W.3d at 466.

Id.

See, e.g., United States v. McCall , 833 F.3d 560, 563 n.4 (5th Cir. 2016).

See New York v. Ferber , 458 U.S. 747, 756-61, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) ; see also Shoemaker v. Taylor , 730 F.3d 778 (9th Cir. 2013) (holding that morphed images of children engaged in sexual activity directly implicate the interest of protecting children from harm, and morphed images are like traditional child pornography in that they are records of the harmful sexual exploitation of children).

Boykin v. State , 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

Ashcroft v. Free Speech Coalition , 535 U.S. 234, 241-42, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002) (noting in dicta that morphed images of real children are "closer to the images in Ferber ").

See Alexander v. State , 906 S.W.2d 107, 110 (Tex. App.-Dallas 1995, no pet.) ("[W]hether the content of a photograph constitutes a lewd or lascivious exhibition of a child's genitals depends on the intent of the photographer." (first citing United States v. Wiegand , 812 F.2d 1239, 1244 (9th Cir. 1987) ; and then citing United States v. Dost , 636 F.Supp. 828, 832-33 (S.D. Cal. 1986), aff'd sub nom. United States v. Wiegand , 812 F.2d 1239 (9th Cir. 1987), and aff'd , 813 F.2d 1231 (9th Cir. 1987) )).

United States v. Stewart , 729 F.3d 517 (6th Cir. 2013).

Id. at 527.

Shoemaker v. Taylor , 730 F.3d 778 (9th Cir. 2013).

Id. at 787-88.

United States v. Brown , 579 F.3d 672 (6th Cir. 2009).

Id. at 681.

United States v. Johnson , 639 F.3d 433 (8th Cir. 2011).

Id. at 440-41.

United States v. Horn , 187 F.3d 781 (8th Cir. 1999).

Id. at 790.

United States v. Hotaling , 634 F.3d 725 (2d Cir. 2011).

Id. at 726.

Id.

United States v. Holmes , 814 F.3d 1246 (11th Cir. 2016).

Id. at 1251.

United States v. Knox , 32 F.3d 733 (3d Cir. 1992).

Id. at 746.

Commonwealth v. Rex , No. 12-049, 2012 WL 6178422 (Mass. Super. August 8, 2012) (mem. op.), aff'd 469 Mass. 36, 11 N.E.3d 1060 (2014).

Id. at *4-5.

Id. at *4.

We first note that the court of appeals said that it expresses "no opinion" on the issue of whether the cropped image depicts a lewd exhibition of the genitals. However, in holding that the cropped image is insufficient to support Appellant's conviction on Count 1, the court of appeals actually did address that issue by implication. In stating that its "holding regarding the cropped image is dictated by [its] holding the full image is not lewd," the court of appeals addressed indirectly what it could have and should have addressed directly. Moreover, that statement is somewhat inconsistent with the court of appeals's holding that the cropped image is a separate image that was "made" in 2014. We see no benefit to remanding this case to the court of appeals to address an issue that it said it was not addressing, but was actually an issue that was very much intertwined with the issues the court of appeals did address. The issue of whether the cropped image constitutes a lewd exhibition of the genitals was sufficiently raised and briefed before this Court, and thus is properly before us.

Tex. Gov't Code § 311.011(a) ; Kirsch v. State , 357 S.W.3d 645, 650 (Tex. Crim. App. 2012) ; see also Martinez v. State , 924 S.W.2d 693, 698 (Tex. Crim. App. 1996) (holding words that are not statutorily defined are to be given their common, ordinary, or usual meaning).

Kirsch , 357 S.W.3d at 650 (citing Denton v. State , 911 S.W.2d 388, 390 (Tex. Crim. App. 1995) ); Green v. Texas , 476 S.W.3d 440, 447 (Tex. Crim. App. 2015) (noting that undefined words are to be "understood as ordinary usage allows," citing Vernon v. State , 841 S.W.2d 407, 409 (Tex. Crim. App. 1992) ).

See Shoemaker , 730 F.3d at 785 ("[W]hether the item to be judged is lewd, lascivious, or obscene is a determination that lay persons can and should make." (citing United States v. Arvin , 900 F.2d 1385, 1390 (9th Cir. 1990) )); United States v. Frabizio , 459 F.3d 80, 85 (1st Cir. 2006) (also quoting the same passage from Arvin ).

Ex parte Ingram , No. PD-0578-16, 533 S.W.3d 887, 893-94, 2017 WL 2799980, *4 (Tex. Crim. App. 2017) (not designated for publication) (citing Ex parte Perry , 483 S.W.3d 884, 902-03 (Tex. Crim. App. 2016) ).

Lewd , Black's Law Dictionary (10th ed. 2014).

Lewdness , Black's Law Dictionary (10th ed. 2014).

See State v. Gates , 182 Ariz. 459, 897 P.2d 1345, 1351-52 (Ariz. Ct. App. 1994) (video of minor changing clothes and showering not a depiction of a child engaging in the lewd exhibition of the genitals); Lockwood v. State , 588 So.2d 57, 58 (Fla. Dist. Ct. App. 1991) (video of minor female showering and undressing not "sexual conduct"); Asa v. Commonwealth , 17 Va.App. 714, 441 S.E.2d 26, 29 (1994) (nude 16 year old female standing with her hands at her side not a depiction of sexually explicit visual material); Frantz v. Commonwealth , 9 Va.App. 348, 388 S.E.2d 273, 276-77 (1990) (full frontal nude photographs of teenage boys were not images of them engaging in sexual conduct).

See Knox , 32 F.3d at 747 (lasciviousness is determined from the viewpoint of the intended audience); Wiegand , 812 F.2d at 1244 (lasciviousness is not a characteristic of the child photographed); United States v. Mr. A , 756 F.Supp. 326, 329 (E.D. Mich. 1991) (apparent motive of the photographer and intended response of the viewer are relevant); United States v. Grimes , 244 F.3d 375, 381 (5th Cir. 2001) (noting that "courts have treated the words 'lascivious' and 'exhibition' as a phrase"); Horn , 187 F.3d at 790 ("the 'lascivious exhibition' is not the work of the child").

Boykin v. State , 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

18 U.S.C. § 2252 makes it illegal to knowingly receive visual depictions of a minor "engaging in sexually explicit conduct." "Sexually explicit conduct," defined in 18 U.S.C. § 2256, includes the "lascivious exhibitions of the genitals or pubic area."

See Wiegand , 812 F.2d at 1243 (" 'Lascivious' is no different in its meaning than 'lewd,' a commonsensical term...."); Frabizio , 459 F.3d at 85 (noting that courts have "uniformly treated the terms 'lewd' and 'lascivious' as materially equivalent"); United States v. Adams , 343 F.3d 1024, 1035 (9th Cir. 2003) ("We hold that the statute at issue in Ferber is legally indistinguishable from 18 U.S.C. § 2256(2)(A).... [T]his court has equated 'lascivious' with 'lewd.' "); United States v. Reedy , 845 F.2d 239, 241 (10th Cir. 1988) (concurring with the 9th Circuit in finding no difference between the words "lewd" and "lascivious").
The district court in United States v. Dost (see infra note 52) explained that, in 1984, Congress enacted the Child Protection Act of 1984, Pub. L. No. 98-292, 98 Stat. 206. In amending the child pornography statute, Congress substituted the word "lascivious" in place of "lewd." Congress explained why it did this: " 'Lewd,' has in the past been equated with 'obscene'; this change is thus intended to make it clear that an exhibition of a child's genitals does not have to meet the obscenity standard to be unlawful." 130 Cong. Rec. S3510, S3511 (daily ed. Mar. 30, 1984) (statement of Rep. Specter).

United States v. Dost , 636 F.Supp. 828 (S.D. Cal. 1986), aff'd sub nom. United States v. Wiegand , 812 F.2d 1239 (9th Cir. 1987), and aff'd , 813 F.2d 1231 (9th Cir. 1987).

Id. at 832 ; see United States v. Steen , 634 F.3d 822, 826 (5th Cir. 2011) (per curiam) (citing Dost , 636 F.Supp. at 832 ); United States v. Rivera , 546 F.3d 245, 249 (2d Cir. 2008) (describing Dost as "[t]he leading case" on lascivious exhibition); United States v. Williams , 444 F.3d 1286, 1299 n.62 (11th Cir. 2006) ("Virtually all lower courts that have addressed the meaning of 'lascivious exhibition' have embraced the widely followed 'Dost ' test."), rev'd on other grounds , 553 U.S. 285, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008) ; United States v. Villard , 885 F.2d 117, 125 (3d Cir. 1989) ("We adopt the Dost factors as a means of determining whether a genital exhibition is 'lascivious.' We do so, of course, not out of any precedential obligation, but instead because the Dost factors provide specific, sensible meaning to the term 'lascivious,' a term which is less than crystal clear."); State v. Roberts , 796 So.2d 779, 786-87 (La. Ct. App. 2001) ("[B]ecause the [Dost ] factors do provide some specific, workable criteria to use in our analysis, we consider them together with all the evidence before us."); see also State v. Smith , 292 Neb. 434, 873 N.W.2d 169, 193 (2016) (utilizing the Dost factors); State v. Bagnes , 322 P.3d 719, 727-28 (Utah 2014) (reversing conviction after applying Dost ); State v. Lopez , 162 N.H. 153, 27 A.3d 713, 716 (2011) (applying the Dost factors); Hood v. State , 17 So.3d 548, 555 (Miss. 2009) ("Today, we adopt the above-enumerated Dost factors"); State v. Dubois , 746 N.W.2d 197, 208 (S.D. 2008) (utilizing the Dost factors); Commonwealth v. Sullivan , 82 Mass.App.Ct. 293, 972 N.E.2d 476, 484 (2012) (using the six Dost factors as the baseline for analysis).

Dost , 636 F.Supp. at 832. On appeal, the Ninth Circuit expressed concern that the fifth factor-whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity-erroneously focused on the child's conduct, when the focus should be on the actions of the defendant. Wiegand , 812 F.2d at 1244. The Ninth Circuit believed the district court's approach was "over-generous to the defendant." Id. With those comments, the Ninth Circuit affirmed the district court's decision.

Rivera , 546 F.3d at 250.

Dost , 636 F.Supp. at 832.

United States v. Franz , 772 F.3d 134, 157 (3d Cir. 2014) ("[T]he Dost factors are not dispositive and serve only as a guide." (first citing United States v. Larkin , 629 F.3d 177, 182 (3d Cir. 2010) ; and then citing United States v. Knox , 32 F.3d 733, 746 n.10 (3d Cir. 1994) )); see also Knox , 32 F.3d at 746 n.10 ("The analysis is qualitative and no single factor is dispositive.").

Franz , 772 F.3d at 157 (explaining that the trier of fact "may also consider any other relevant factors given the particularities of the case" (citing Larkin , 629 F.3d at 182 )); United States v. Brown , 579 F.3d 672, 680 (6th Cir. 2009) ("In applying Dost , however, we have noted that 'this list is not exhaustive, and an image need not satisfy every factor to be deemed lascivious.' " (first citing United States v. Campbell , 81 Fed.Appx. 532, 536 (6th Cir. 2003) ; and then citing Frabizio , 459 F.3d at 87 )); see also Frabizio , 459 F.3d at 87 (explaining that the Dost factors "are neither comprehensive nor necessarily applicable in every situation" and that "[t]he inquiry will always be case specific." (internal quotation marks and citations omitted)).

Dost , 636 F.Supp. at 832.

McCall , 833 F.3d at 563 (citing Steen , 634 F.3d at 828 ).

McCall , 833 F.3d at 563 (listing the Dost factors (citing Steen , 634 F.3d at 826 )); see also United States v. Barry , 634 Fed.Appx. 407, 412-13 (5th Cir. 2015) ("We apply the six factors of United States v. Dost to determine whether a photo is lascivious." (citing Steen , 634 F.3d at 826 )).

Perkins v. State , 394 S.W.3d 203 (Tex. App.-Houston [1st Dist.] 2012, pet. ref'd).

Id. at 210 ; see also Alexander , 906 S.W.2d at 110 ("Several federal courts have recognized that a photograph is lascivious when 'the photographer array[s] it to suit his particular lust,' noting that 'lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or likeminded pedophiles.' " (citing Wiegand , 812 F.2d at 1244 )).

Perkins , 394 S.W.3d at 209.

Id.case-ids="7093854" index="136" url="https://cite.case.law/sw3d/394/203/"> at 208-09 (first citing Alexander , 906 S.W.2d at 110 ; then citing Kirsch v. State , 357 S.W.3d at 650 ; and then citing Tovar v. State , 165 S.W.3d 785, 790 (Tex. App.-San Antonio 2005, no pet.) ).

Tovar v. State , 165 S.W.3d 785 (Tex. App.-San Antonio 2005, no pet.).

Id. at 791 (citing to Alexander , 906 S.W.2d at 110 ).

Dawes v. State , No. 05-07-01544-CR, 2009 WL 793846 (Tex. App.-Dallas March 27, 2009) (not designated for publication).

Id. at *5 ; see also , Bogany v. State , No. 14-10-00138-CR, 2011 WL 704359 (Tex. App.-Houston [14th Dist.] 2011, pet. ref'd) (mem. op., not designated for publication) (considering the six factors set out in Tovar and Alexander to determine whether a visual depiction of a child's breast constituted a "lewd exhibition").

See State v. Hill , 499 S.W.3d 853, 872 n. 67 (Tex. Crim. App. 2016) ("[T]his Court is not bound by cases interpreting federal law." (citing Osbourn v. State , 92 S.W.3d 531, 536 n.4 (Tex. Crim. App. 2002) )).

Since they are not incorporated into our statute, it would be inappropriate to include the Dost factors in a jury charge when defining an offense involving the term "lewd exhibition." See Andrews v. State , 652 S.W.2d 370, 375 (Tex. Crim. App. 1983) (concluding that the term "prurient interest," in spite of its evolution into a semi-technical term, does not require it to be defined in a jury charge in an obscenity case); Roise v. State , 7 S.W.3d 225, 242 (Tex. App.-Austin 1999, pet. ref'd) (holding that the term "lewd exhibition of genitals" did not have to be defined in a jury charge).

See United States v. Larkin , 629 F.3d 177, 182 (3d Cir. 2010) ; United States v. Knox , 32 F.3d 733, 746 n.10 (3d Cir. 1994).

Jacobellis v. Ohio , 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964).

See ids="6166005" index="155" url="https://cite.case.law/us/378/184/">id. at 197, 84 S.Ct. 1676 (Stewart, J., concurring).

McCall , 833 F.3d at 563 n.4 (citing Steen , 634 F.3d at 826 ); see also Steen , 634 F.3d at 826 (quoting Grimes , 244 F.3d at 381 ).

The Fifth Circuit has held that in deciding whether photos were lascivious, the courts are not limited to the four corners of the photographs, but could consider surrounding circumstances. United States v. Barry , 634 Fed.Appx. 407, 414 (5th Cir. 2015). Other circuits are split on whether a court should limit its review to the image itself-the "four corners test"-or whether the court should consider the context in which the image was produced. The Third Circuit limits its analysis to the image itself. United States v. Villard , 885 F.2d 117, 125 (3d Cir. 1989). The Second and Tenth Circuits consider the context in which the images were produced. United States v. Rivera , 546 F.3d 245, 250 (2d Cir. 2008) ; United States v. Wolf , 890 F.2d 241, 247 (10th Cir. 1989). By considering the context in which the image was taken, courts can "resolve close judgment calls about whether an image inadvertently focuses on a child's genitalia, or whether the image is intended to elicit a sexual response in the viewer." United States v. Brown , 579 F.3d 672, 684 (6th Cir. 2009).

Although we granted review on two issues raised by the State, we need not reach the State's first ground.