**AFFIRMED and Opinion Filed August 29, 2023**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00092-CR**

**SYED SARTAJ NAWAZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-81120-2017**

## MEMORANDUM OPINION ON REMAND

Before Justices Pedersen, III, Garcia,[1] and Breedlove[2]
Opinion by Justice Pedersen, III

This case is on remand from the Texas Court of Criminal Appeals for our

determination of whether the evidence is legally sufficient to support appellant's

conviction for violation of section 22.04(a)(2) of the Texas Penal Code. *See Nawaz*

---

[1] The Honorable Dennise Garcia succeeded the Honorable Bill Whitehill, a member of the original panel. Justice Garcia has reviewed the briefs and the record before the Court.

[2] The Honorable Justice Maricela Moore Breedlove succeeded the Honorable Lana Myers, a member of the original panel. Justice Breedlove has reviewed the briefs and the record before the Court.

*v. State*, 663 S.W.3d 739, 742 n.3, 748 (Tex. Crim. App. 2022). We affirm the trial court's judgment.[3]

*Standard of Review*

In assessing the sufficiency of the evidence, the Court adopts a perspective that favors the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The duty of weighing the evidence, drawing reasonable inferences, and resolving conflicts in testimony lies with the fact finder. *See Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). The reviewing court accords deference to the fact finders' credibility determinations and the weight assigned to the witnesses' testimony since they hold the exclusive authority in making such determinations. *See Brooks*, 323 S.W.3d at 899. The reviewing court considers all evidence presented in the record, regardless of its admissibility. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Additionally, the cumulative impact of the entire body of evidence is taken into

---

[3] As this case is on remand and the parties are familiar with the facts of the underlying cause, we will not fully recite them in this opinion. *See* TEX. R. APP. P. 47.1. Instead we will incorporate the background information detailed in the Texas Court of Criminal Appeals' opinion, *see Nawaz*, 663 S.W.3d 739, and in our original opinion. *See Nawaz v. State*, No. 05-19-00092-CR, 2021 WL 1884551 (Tex. App.— Dallas May 11, 2021) (mem. op., not designated for publication), *rev'd in part*, 663 S.W.3d 739, 748 (Tex. Crim. App. 2022). We will, however, provide supplemental facts pertinent to the issue in this appeal.

–2–

account during the review process. *See Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018).

When considering a claim of evidentiary insufficiency, a reviewing court does not sit as the thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Additionally, the jury may use common sense, common knowledge, personal experience, and observations from life when drawing inferences. *See Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014).

*Discussion*

Appellant contends the evidence that he caused "serious mental deficiency, impairment, or injury" is insufficient as a matter of law. *See* PENAL § 22.04(a)(2). Appellant also contends the State's evidence of developmental delay is simply additional proof of injury to a child under section 22.04(a)(1) of the penal code.

In its entirety, section 22.04(a) of the penal code provides:

> (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes a child, elderly individual, or disabled individual:
>
> > (1) serious bodily injury
> >
> > (2) serious mental deficiency, impairment, or injury; or
> >
> > (3) bodily injury.

PENAL § 22.04(a).

Specifically, appellant complains Dr. Kristine Reeder's testimony that A.R.'s cognitive and developmental deficiencies are from A.R.'s traumatic brain injury and only supports a finding of serious bodily injury under section 22.04(a)(1). We reject appellant's contention and find the evidence was sufficient to support his conviction for knowingly causing serious mental deficiency, impairment, or injury under section 22.04(a)(2).

The burden fell upon the State to establish, beyond a reasonable doubt, that appellant knowingly caused "serious mental deficiency, impairment, or injury" to A.R., a child below the age of fourteen, as required by Section 22.04(a)(2). *See* PENAL § 22.04(a)(2). Appellant correctly contends that the definition of "serious bodily injury" includes protracted impairment of any bodily organ but that the statute does not explicitly state a legal definition of "serious mental deficiency, impairment, or injury." PENAL § 22.04(a)(2); *see Edwards v. State*, 666 S.W.3d 571, 575 (Tex. Crim. App. 2023). When there is no definition or technical meaning provided for a word or phrase, the terms are typically given their plain and ordinary meaning. *See* TEX. GOV'T CODE ANN. § 311.011(a) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."); *see also State v. Bolles*, 541 S.W.3d 128, 138 (Tex. Crim. App. 2017) (in context of sufficiency review, stating "jurors may 'freely read [undefined] statutory language to have any meaning which is acceptable in common parlance'" and quoting *Kirsch v. State*, 357

S.W.3d 645, 650 (Tex. Crim. App. 20120)). "'In determining [the] plain meaning' of an undefined statutory term, 'we can consult dictionary definitions ... read words in context, [and] apply[ ] rules of grammar[.]'" *State v. Bolles*, 541 S.W.3d at 138 (quoting *Ex parte Ingram*, 533 S.W.3d 887, 893-94 (Tex. Crim. App. 2017)).

The statutory phrase at issue here, "serious mental deficiency, impairment, or injury," uses terms with common meanings that are readily understandable by jurors. The term "deficiency" by itself means "the quality or state of being deficient," which in turn means "lacking in some necessary quality or element," or "not up to a normal standard or complement." *Deficiency*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2020). "Impairment" means "diminishment or loss of function or ability." *Impairment*, *id.* "Mental deficiency" is defined as "a deficiency in cognitive functioning, *specifically*, intellectual disability." *Mental deficiency*, *id.*

With the foregoing statutory terms and their ordinary meanings in mind, we now turn to consider the evidence at hand to evaluate whether any rational juror could have found beyond a reasonable doubt that the statutory element of "serious mental deficiency, impairment, or injury" was satisfied here.

The Texas Court of Criminal Appeals recently provided an example of what constitutes insufficient evidence of "serious mental deficiency, impairment, or injury." *Edwards*, 666 S.W.3d. 571. In that case, the State presented evidence a child had ingested "a large amount of cocaine." *Id*. at 576. The only additional testimony, however, described "possible" or "potential" side effects from the child's cocaine

ingestion that "could" occur in the future, but without any definite testimony that the child had in fact suffered from a "serious mental deficiency, impairment, or injury." *Id*. at 576-77. The testimony in the trial below was materially different.

Testimony provided by A.R.'s pediatrician revealed that prior to the inflicted injury, the child exhibited typical growth patterns and developmental milestones, indicating good health. However, following the incident, A.R. required frequent therapy sessions to aid her in reaching an appropriate developmental level for her age.

To establish serious mental deficiency, impairment, or injury, the State offered testimony from Dr. Reeder that the abusive head trauma caused the holes in A.R.'s brain that delayed her development, and may have caused cognitive impairment. Dr. Reeder opined that it was too soon to say what the extent of A.R.'s mental injury or deficiency would be. She explained that A.R. would never be completely normal and would always be at risk for seizure. A.R. was unable to track objects and never focused on anything. Dr. Reeder also determined that A.R. was developmentally delayed. A.R. had been receiving therapy multiple times a week to help her achieve age-appropriate development. According to Dr. Reeder's expert testimony, A.R. exhibited delays in meeting milestones and lagged behind developmentally, falling short of expectations for a six-month-old infant. At the time of assessment, the full extent of the consequences stemming from A.R.'s injuries could not be definitively determined, as stated by Dr. Reeder. The potential

outcomes regarding A.R.'s physical capabilities, such as walking, running, climbing, as well as her cognitive abilities within an educational setting, including the possibility of normal speech, remained uncertain. These uncertainties were explicitly acknowledged during Dr. Reeder's testimony, where she expressed concerns regarding behavioral issues, learning difficulties, and hearing impairments.

The record contains legally sufficient evidence that appellant caused A.R. to experience serious mental deficiency, impairment, or injury. *See* PEN. § 22.04(a)(2).

## *Conclusion*

We affirm the judgment of the trial court.

190092f.u05
Do not publish
TEX. R. APP. P. 47.2(b)

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

SYED SARTAJ NAWAZ, Appellant

No. 05-19-00092-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas Trial Court Cause No. 199-81120-2017.

Opinion delivered by Justice Pedersen, III. Justices Garcia and Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of August, 2023.