Gilmar Salas MORALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–97–00011–CR.

Court of Appeals of Texas, San Antonio.

April 22, 1998.

John Wilson Rowland, Law Offices of John Wilson Rowland, Comfort, for Appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

## OPINION

LÓPEZ, Justice.

Gilmar Salas Morales was indicted for the offenses of aggravated sexual assault and indecency with a child and was found guilty on both counts by a jury. Morales elected assessment of punishment by the trial court and the court sentenced Morales to a term of twenty years confinement for each offense with sentences to run concurrently. The court then prepared two separate judgments—one for Morales's conviction for aggravated sexual assault and another for his conviction for indecency with a child. On appeal, Morales contends that trial court erred in entering two judgments rather than one judgment and that this error requires a new punishment hearing or, in the alternative, a reformation of the trial court's judgment.

Morales contends that the trial court should have entered only one judgment because the State prosecuted him for two offenses arising out of the same criminal episode in a single criminal action.[2] Morales argues that section 1(13) of article 42.01 of

the Code of Criminal Procedure provides that judgments should include offenses for which the defendant was convicted and requires a single judgment in cases of multiple convictions from joined charges. See TEX. CODE CRIM PROC. ANN. art. 42.01 (Vernon Supp.1988) (setting out specifics for judgments). In response, the State concedes error, but disagrees that a new punishment hearing is required. Instead, the State maintains that we should modify the judgments to reflect a single judgment with two convictions and two sentences. Article 42.01 sets out the requirements for judgments. Notably, this article is written to enable the trial court to enter multiple convictions in a single judgment. For example, section 1(13) requires the court to include "[t]he offense or offenses for which the defendant was convicted." Although article 42.01 permits a single judgment for conviction upon multiple offenses, it does not prohibit multiple judgments. *Cf. Lucas v. State,* 721 S.W.2d 467, 468 (Tex.App.—Houston [1st Dist.]1986, pet. ref'd) (making same observation, but under different circumstances). Thus, even though the State concedes error, we find that the trial court did not err by entering two judgments because article 42.01 does not explicitly prohibit the court from entering two judgments.

Although article 42.01 permits multiple judgments under these circumstances, other problems exist with the judgments. Article 42.01 provides that sentences will be based on the information contained in the judgment. See TEX.CODE CRIM. PROC. ANN. art. 42.01 (Vernon Supp.1998). Morales's sentences are to run concurrently because the offenses in this case were properly joined for trial under section 3.03 of the Texas Penal Code. See TEX. PEN.CODE ANN. § 3.03 (Vernon 1994). Although each judgment reflects a conviction of one count of a two-count indictment, neither judgment clearly indicates that the twenty-year sentence for aggravated sexual assault and the twenty-year sentence for indecency with a child are to run

2. The offenses in this case were properly joined under the Texas Penal Code and thus, a single trial was appropriate. *See* TEX. PEN CODE ANN. §§ 3.01, 3.02 (Vernon 1994).

concurrently. Additionally, the judgment for the conviction for indecency with a child erroneously reflects a plea of "not guilty" for the offense of aggravated sexual assault.[3] For these reasons, the judgments must be modified to reflect that each conviction in Cause No. 96–CR–2595 will run concurrently, and that Morales pled not guilty to the charge of indecency with a child. *See* TEX. R.APP. P. 43.2(b).

Dissenting opinion by ANGELINI, J.

ANGELINI, Justice, dissenting.

Because I agree with both Morales and the State that the trial court should have entered only one judgment, I respectfully dissent. I would modify the judgment entered by the trial court to reflect a single judgment with two convictions and two sentences to run concurrently.

3. The reporter's record indicates that Morales pled "not guilty" to both aggravated sexual assault and indecency with a child.