HAWKINS V. STATE

NO.  07-01-0151-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 6, 2002

______________________________

WALTER BURTON HAWKINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 268
TH
 DISTRICT COURT OF FORT BEND COUNTY;

NO.  33,578; HONORABLE  ALLEN  LERNER, JUDGE

_______________________________

ABATEMENT AND REMAND

Before QUINN and REAVIS, JJ.  and BOYD, S.J.
(footnote: -6)

By a two-count indictment, appellant Walter Burton Hawkins was charged with engaging in organized criminal activity.  Following pleas of not guilty to each count, he was convicted by a jury of the lesser included offenses of aggravated kidnapping on count one and aggravated assault on count two.  By two separate judgments punishment was assessed by the jury at ten years confinement, suspended for ten years on count one and five years confinement on count two.

Sentences on the two convictions were imposed in open court on February 23, 2001.  Although no order of severance for the convictions was signed, on February 23, the trial court signed two judgments both bearing cause number 33,578 entitled:
(footnote: 1)
JUDGMENT ON JURY VERDICT OF GUILTY

PUNISHMENT FIXED BY JURY - PROBATION GRANTED

COUNT ONE LESSER INCLUDED OFFENSE

and

JUDGMENT ON JURY VERDICT OF GUILTY

PUNISHMENT FIXED BY JURY - TERM OF YEARS IN PRISON

COUNT TWO LESSER INCLUDED OFFENSE

Pursuant to Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure, on March 12, 2001, appellant filed his “NOTICE OF APPEAL AS TO COUNT II” from his conviction for aggravated assault.  However, appellant did not file a notice of appeal from his conviction for aggravated kidnapping. 

The requirements for a judgment as designed in article 42.01 of the Texas Code of Criminal Procedure should be incorporated into one instrument.  Mendez v. State, 535 S.W.2d 365, 367 (Tex.Cr.App. 1976).  Moreover, a signed judgment is essential to the finality of a conviction in the trial court and an appeal may not be taken until a judgment is signed, 
nunc pro tunc 
or otherwise.  Jones v. State, 795 S.W.2d 199, 202 (Tex.Cr.App. 1990).
(footnote: 2)   

Therefore, pursuant to Rule 2 of the Texas Rules of Appellate Procedure, we now abate the appeal and remand the cause to the trial court.  Upon remand, the trial court shall immediately consider the appropriate action necessary to incorporate the requirements of a judgment into one instrument and to demonstrate finality of appellant’s convictions for aggravated kidnapping and aggravated assault.  Whether by an order of severance of the two convictions or the signing of one judgment evidencing the two convictions, the order shall be included in a supplemental clerk’s record and filed with the Clerk of this Court by Monday, January 6, 2003.  A supplemental record of the proceeding, if any, shall also be prepared and filed in the appellate record.  It is further ordered that appellant is granted leave to file an amended notice of appeal and, if desired, a supplemental brief may be prepared which shall be filed no later than Monday, January 20, 2003.

It is so ordered.

Per Curiam

Publish. 

FOOTNOTES
-6:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

1:
The italicized portions of the judgments are handwritten.

2:
Because Morales v. State, 974 S.W.2d 191 (Tex.App.--San Antonio 1998, no pet.), does not reference or cite 
Mendez
 or 
Jones
, we do not consider it to be controlling here.