

# NUMBER 13-17-00560-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JORGE ENRIQUE
GUERRERO-ACOSTA,                                        Appellant,

v.

THE STATE OF TEXAS,                                     Appellee.

## On appeal from the 277th District Court of Williamson County, Texas.

## MEMORANDUM OPINION[1]

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Hinojosa**

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this appeal was transferred to this Court from the Third Court of Appeals in Austin, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

Appellant Jorge Enrique Guerrero-Acosta was convicted of intoxication assault and failing to stop and render aid, both third-degree felonies. *See* Tex. Penal Code Ann. § 49.07 (West, Westlaw through 2017 1st C.S.); Tex. Transp. Code Ann. § 550.021(c)(1)(B) (West, Westlaw through 2017 1st C.S.). Appellant pleaded guilty to both offenses, and the trial court sentenced appellant to concurrent eight-year prison terms. By two issues, which we treat as one, appellant maintains that the State failed to properly amend the failing-to-stop-and-render-aid count in the indictment to allege "serious bodily injury" and that, as a result, appellant's sentence exceeded the statutory range of punishment. We reverse and remand.

## I. BACKGROUND

Appellant was driving a vehicle that collided with a motorcycle operated by Stephen Moore, who suffered extensive injuries. Appellant left the scene of the accident and was later arrested. A grand jury returned a three-count indictment charging appellant with (1) intoxication assault, (2) aggravated assault with a deadly weapon, and (3) failing to stop and render aid. With respect to count three, the indictment alleged in relevant part that appellant "was the operator of a vehicle involved in an accident resulting in injury to Stephen Moore[.]" *See* Tex. Transp. Code Ann. § 550.021(c) (classifying the degree of the offense based on the nature of the resulting injury: death, second-degree felony; serious bodily injury, third-degree felony; in the absence of death or serious bodily injury, up to five years' imprisonment or one year in the county jail).

In exchange for appellant's plea of guilty to counts one and three, the State agreed to dismiss count two—aggravated assault with a deadly weapon. At the plea hearing,

2

after appellant pleaded guilty to intoxication assault, the following exchange occurred:

Trial Court: And then on the other case, [I could sentence you] anywhere up to a year in county jail, up to five years in prison. You understand that?

Appellant: Yes, ma'am.

Trial Court: Okay.

Prosecutor 1: Your Honor, it's my understanding that because it involves serious bodily injury with the failure to stop and render aid that it's a third degree.

Defense Counsel: It comes—it comes under a special hybrid.

Trial Court: It is, but it's that special—it's third degree for enhancement purposes, I thought, but it's a—isn't it a—Let's relook at that in the code. I thought it was—

Prosecutor 2: I think that if it's just bodily injury, it's the hybrid . . . but if it's serious bodily injury . . . it's a true third degree.

Trial Court: All right. Then we need to—we need to change this.

. . . .

Let's go back and talk about Count Three. So Count Three is fail to stop and render aid causing serious bodily injury, which actually makes this—So ignore what I told you before about that hybrid special punishment, and that actually makes this a third degree felony—All right—which is also punishable by anywhere from two to 10 years in prison. You understand that?

Appellant: Yes, ma'am.

Trial Court: All right. And so I'm going to ask you some of the same questions. You understand that you're pleading open to me asking me to decide what's the appropriate punishment in this case. Is that correct?

Appellant: Yes, ma'am.

3

| | |
|---|---|
| Trial Court: | All right. And you understand that the same consequences are in place in terms of the citizenship and all those kinds of things— |
| Appellant: | Yes, ma'am. |
| Trial Court: | —and the deportation? All right. Now I'm going to read to you from the indictment that says on or about the 8th day of February, 2016, in Williamson County, Texas, that you were the operator of a vehicle involved in an accident resulting in injury to Stephen Moore and intentionally failed to provide Stephen Moore, a person injured in the accident and apparently needing treatment or requesting transportation, reasonable assistance, including transporting or making arrangements for transporting the person to a physician or hospital for medical treatment. See, this is indicted as—Oh, it's indicted right as a third degree. |
| Defense Counsel: | Does it say "serious bodily injury"? |
| Trial Court: | It's indicted as a third degree. It doesn't say "serious bodily injury," but it says, "resulting in injury." But I don't know—It does say—It does have—It does have "third degree" in the heading, which is our default, but it doesn't say "serious bodily injury" in the indictment. Is this the same—we have the same person in each— Is it the same victim? |
| Prosecutor 1: | It's the same . . . victim in each case, Your Honor. |
| Trial Court: | All right. |
| Defense Counsel: | If the State wants to amend it, we would have no objection. Whatever needs to be done to satisfy [the State] is fine. |
| Trial Court: | All right. So Count One has serious bodily injury, so it's listed in there. So do we want to amend—Do you want to move to amend the indictment to add "serious bodily injury"? Because it just says, "resulting in injury," which is probably where you got confused, [defense counsel] on the code, I think. So you want |

4

me to amend it to say "serious bodily injury"?

Prosecutor 1:          Yes, I do, Your Honor.

Trial Court:            All right.  And you have no objection?

Defense Counsel:  No, ma'am.

Trial Court:            All right.  All right.  So it's now going to read you were the operator of a vehicle involved in an accident resulting in serious bodily injury to Stephen Moore and that you intentionally failed to provide him, who obviously needed treatment resulting in transportation, you did not provide that treatment, correct?

Appellant:             Yes, ma'am.

Trial Court:            All right.  And so to that offense, how do you plead, guilty or not guilty?

Appellant:             Guilty.

A written amendment to the indictment does not appear in the record.  The trial court found appellant guilty on counts one and three and dismissed count two.  Following a punishment hearing, the trial court sentenced appellant to concurrent eight-year prison terms.  This appeal followed.

## II.    DISCUSSION

Appellant argues that the State's effort to amend the indictment to allege "serious bodily injury" was ineffective.  Appellant contends that the oral motion to amend and the trial court's granting thereof merely authorized the State to amend the indictment, but the State failed to file an amended indictment.  As a result, appellant maintains that his sentence of eight years exceeded the statutory sentencing range for failing to stop and render aid in an accident resulting in injury—but not serious bodily injury.

5

The State responds that appellant waived his right to appeal and did not preserve error. In the alternative, the State contends that the indictment was effectively amended when the trial court read the amended language into the record. We first address the State's waiver and preservation arguments.

## A.    Waiver of Right to Appeal

Appellant signed a document titled "Waivers, Consent, Judicial Confession and Plea Agreement," which provided that appellant waived, among other rights, "any and all rights to appeal." However, the trial court informed appellant at the plea and punishment hearings that appellant has the right to appeal his sentence. In addition, the trial court's certification of appellant's right of appeal provides that appellant has the right of appeal.

Texas Rule of Appellate Procedure 25.2 governs the perfection of appeals in criminal cases and requires that the trial court certify an appellant's right to appeal. *See* TEX. R. APP. P. 25.2; *Grice v. State*, 162 S.W.3d 641, 645 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). A defendant who accepts punishment under a plea agreement has a limited right of appeal under rule 25.2(a)(2); he may only appeal pretrial rulings on written motions or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2); *Ex parte Cox*, 482 S.W.3d 112, 117 (Tex. Crim. App. 2016) (a defendant "waives the right to appeal" when he accepts a plea bargain). There are two basic types of plea bargains—sentence bargains and charge bargains. *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Sentence-bargaining involves a situation in which a defendant agrees to enter a plea of guilty in exchange for the State's binding or non-binding recommendation to the trial court regarding punishment. *Id*. Charge-

6

bargaining involves questions of whether a defendant "will plead guilty to the offense that has been alleged or to a lesser or related offenses, and of whether the prosecutor will dismiss, or refrain from bringing, other charges." *Id*. Rule 25.2(a)(2) applies to charge-bargain cases. *Kennedy v. State*, 297 S.W.3d 338, 340–42 (Tex. Crim. App. 2009).

Appellant and the State entered into a charge bargain, whereby appellant agreed to plead guilty to two counts, and the State agreed to dismiss a third count. Nevertheless, the Texas Court of Criminal Appeals has consistently held that a trial court's permission to appeal controls over a defendant's previous waiver of appeal contained in preprinted plea papers. *Ex parte De Leon*, 400 S.W.3d 83, 90 (Tex. Crim. App. 2013); *Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003). Although appellant entered into a charge bargain with the State and signed plea paperwork containing a waiver of his right to appeal, the record reflects that the trial court expressly granted appellant permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2)(B). Therefore, we conclude that appellant has not waived his right to appeal.

**B.    Preservation**

Relying on article 1.14(b) of the Texas Code of Criminal Procedure, the State argues that appellant did not preserve error regarding the amending of the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West, Westlaw through 2017 1st C.S.) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding."). We disagree.

7

The requirement of an objection under article 1.14(b) applies only to a defect, error, or irregularity in an indictment, and not to procedural matters such as an error in the process of amending an indictment. *See Miller v. State*, 909 S.W.2d 586, 592 (Tex. App.—Austin 1995, no pet.); *see also Perez v. State*, No. 05-15-00163-CR, 2016 WL 4546026, at *3 (Tex. App.—Dallas Aug. 30, 2016, no pet.) (mem. op., not designated for publication). Further, appellant does not complain of a defect in the original charging instrument. Rather, appellant contends that his sentence was illegal because his punishment exceeded the range authorized by the indictment. "Unlike most trial errors which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence." *Mizell v. State*, 119 S.W.3d 804, 806 n.6 (Tex. Crim. App. 2003) (citing *Ex parte Pena*, 71 S.W.3d 336, 336–37 & n.1 (Tex. Crim. App. 2002)). "A trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence." *Id*. at 806; *see Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) ("[T]here has never been anything in Texas law that prevented any court with jurisdiction over a criminal case from noticing and correcting an illegal sentence," no matter when or how the relief was sought.); *Perez v. State*, 129 S.W.3d 282, 289 (Tex. App.—Corpus Christi 2004, no pet.). Having rejected the State's waiver and preservation arguments, we now turn to appellant's appellate issue.

## C. Amending an Indictment

### 1. Applicable Law

Under the Texas Constitution, a defendant has the right to be charged by

8

indictment for felony offenses.  TEX. CONST. art. 1, § 10; *Riney v. State*, 28 S.W.3d 561, 564 (Tex. Crim. App. 2000).  The indictment serves a dual purpose of protecting citizens against arbitrary accusations by the government and providing a defendant notice of the charged offense so he may prepare an effective defense.  *Riney*, 28 S.W.3d at 565; *Sierra v. State*, 501 S.W.3d 179, 182 (Tex. App.—Houston [1st Dist.] 2016, no pet.).  The accused is not required to look anywhere but the indictment for notice, and "it is not sufficient to say that the accused knew with what offense he was charged."  *Riney*, 28 S.W.3d at 565.

Article 28.10 of the code of criminal procedure states that:  "After notice to the defendant, a matter of form or substance in an indictment may be amended at any time before the trial on the merits commences."  TEX. CODE CRIM. PROC. ANN. art. 28.10(a) (West, Westlaw through 2017 1st C.S.).  The article further provides that:  "An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced."  *Id*. art. 28.10(c).  With regard to the method of amendment, article 28.11 states that:  "All amendments of an indictment or information shall be made with the leave of the court and under its direction."  *Id*. art. 28.11 (West, Westlaw through 2017 1st C.S.).

In *Riney*, the Texas Court of Criminal Appeals conducted an analysis of articles 28.10 and 28.11, explaining that neither the State's motion to amend nor the trial court's granting thereof is an amendment; rather the two comprise the authorization for the eventual amendment of the charging instrument.  28 S.W.3d at 565.  However, the court

9

overruled prior precedent which provided that physical interlineation of the original indictment found in the clerk's file was the exclusive method to amend an indictment. *Id.* at 566. The court explained that, in the alternative, an indictment could be amended as follows:

> It is acceptable for the State to proffer, for the trial court's approval, its amended version of a photocopy of the original indictment. If approved, the amended photocopy of the original indictment need only be incorporated into the record under the direction of the court, pursuant to [a]rticle 28.11, with the knowledge and affirmative assent of the defense. This version of the indictment would then become the "official" indictment in the case, and it would continue to state, presumably in "plain and intelligible" language, the nature and cause of the accusation.

*Id.* at 565–66. The court, however, did not necessarily rule out the possibility that there could be other valid methods to amend an indictment. *See Puente v. State*, 320 S.W.3d 352, 357 (Tex. Crim. App. 2010); *Head v. State*, 299 S.W.3d 414, 436–38 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

### 2. Analysis

With respect to the offense of failing to stop and render aid, the original indictment alleged that appellant was the operator of a vehicle involved in an accident resulting in *injury* to Stephen Moore. *See* Tex. Transp. Code Ann. § 550.021(c). The State attempted to amend the indictment to allege the accident resulted in *serious bodily injury*. The attempted amendment would have elevated the offense to a third-degree felony. *See id.* The State received authorization to amend the indictment, but it never took any steps to effect the amendment. The State cites no precedent, nor have we found any, holding that an indictment is effectively amended through an oral motion and ruling from the trial court. As stated above, the State's motion to amend and the trial court's granting

10

thereof merely authorized the State to amend the charging instrument. *Riney*, 28 S.W.3d at 565. We observe that a number of methods to amend an indictment have been approved by Texas courts, none of which are implicated here. *See*, *e.g.*, *Barrera v. State*, 321 S.W.3d 137, 144 (Tex. App.—San Antonio 2010, pet. ref'd) (concluding that the indictment was effectively amended where the State filed a written motion to amend the indictment containing the proposed change, and the amendment did not charge an additional element or different offense); *Barfield v. State*, 202 S.W.3d 912, 920–21 (Tex. App.—Texarkana 2006, pet. ref'd) (upholding an amendment made by attaching a copy of the language from State's motion to the order granting the amendment); *Westmoreland v. State*, 174 S.W.3d 282, 287 (Tex. App.—Tyler 2005, pet. ref'd) (concluding that an order granting a motion to amend that contained both the original and revised charge was sufficient to amend the indictment); *Aguilera v. State*, 75 S.W.3d 60, 64 (Tex. App.—San Antonio 2002, pet. ref'd) (holding that a written order reproducing the language of the original indictment with the amendment is an effective amendment); *Valenti v. State*, 49 S.W.3d 594, 598 (Tex. App.—Fort Worth 2001, no pet.) (holding that a written order granting the State's motion to amend, in which the language of the original indictment is reproduced, is an effective amendment); *see also Martinez v. State*, No. 05-12-00917-CR, 2014 WL 2921654, at *2 (Tex. App.—Dallas June 25, 2014, no pet.) (mem. op., not designated for publication) (holding that the indictment was amended where the motion to amend included the language to be added and deleted, the trial court granted the motion to amend, and the amended indictment was read to the jury).

11

While the methods for amending an indictment may vary, it is clear that a written amendment, standing alone or incorporated into the motion or order, must be included in the record for the amendment to be valid. *See Tata v. State*, 446 S.W.3d 456, 461 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Riney*, 28 S.W.3d at 565–66; *Head*, 299 S.W.3d at 437); *Puente*, 320 S.W.3d at 358 ("Regardless of whether there may be legitimate ways to amend an indictment other than to make changes directly to the original indictment or to place an amended duplicate into the record, we do not believe that manual changes to a written judicial confession should suffice under any circumstances."); *see also Allen v. State*, No. 05-16-00594-CR, 2017 WL 2645033, at *1 n.1 (Tex. App.—Dallas Jun. 20, 2017, no pet.) (mem. op., not designated for publication) (concluding that an information was not amended where the State's motion did not include a proposed amended information and the State did not later file an amended information). The State never filed a written motion containing the proposed amendment. Neither did the State file a written amendment with the trial court after receiving authorization to amend the indictment. Under these circumstances, we conclude that the indictment was never amended, and the original indictment remains in full force and effect. *See Tata*, 446 S.W.3d at 461; *Scott v. State*, 253 S.W.3d 736, 740–41 (Tex. App.—Amarillo 2007, pet. ref'd). Next, we turn to appellant's contention that he received an illegal sentence.

**D.    Illegal Sentence**

"A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Any court with jurisdiction may notice and correct an illegal sentence,

12

even if the defendant did not object in the trial court. *Id*. at 806–07 & n. 17. A mischaracterization of an offense in an indictment may lead to a sentence that is in violation of the law. *See Ex parte Rich*, 194 S.W.3d at 512; *Sierra*, 501 S.W.3d at 183.

With respect to the failure-to-stop-and-render-aid count, the indictment alleged that appellant:

> was the operator of a vehicle involved in an accident resulting in injury to Stephen Moore and intentionally or knowingly failed to provide Stephen Moore, a person injured in the accident and apparently needing treatment or requesting transportation, reasonable assistance, including transporting or making arrangements for transporting the person to a physician or hospital for medical treatment[.]

The parties do not dispute, and we agree, that the indictment charges a violation of section 550.021 of the transportation code. *See* TEX. TRANSP. CODE ANN. § 550.021. An offense under section 550.021 "involving an accident resulting in: (A) death of a person is a felony of the second degree; or (B) serious bodily injury . . . to a person is a felony of the third degree." *Id*. § 550.021(c)(1). Absent death or serious bodily injury, a violation of section 550.021 is punishable by: "(A) imprisonment in the Texas Department of Criminal Justice for not more than five years or confinement in the county jail for not more than one year; (B) a fine not to exceed $5,000; or (C) both the fine and the imprisonment or confinement." *Id*. § 550.021(c)(2).

The indictment alleges an offense under section 550.021(c)(2) involving an accident resulting in injury, which is punishable by up to five years' imprisonment. *See id.*; *see also Grumbles v. State*, No. 05-13-00369-CR, 2014 WL 3907994, at *3 (Tex. App.—Dallas Aug. 12, 2014, no pet.) (mem. op., not designated for publication) ("When the Legislature enacted section 550.021(c) of the transportation code, it used some of the

13

punishment structure in the penal code but created a new punishment."). When "an indictment facially charges a complete offense, it is reasonable to presume the State intended to charge the offense alleged, and none other." *Thomason v. State*, 892 S.W.2d 8, 11 (Tex. Crim. App. 1994). Therefore, "the State is held to the offense charged in the indictment, regardless of whether the State intended to charge that offense." *Id*.; *see also Rodriguez v. State*, 18 S.W.3d 228, 232 (Tex. Crim. App. 2000) (conviction was not authorized on a theory that was not alleged in the charging instrument). Appellant's eight-year sentence exceeds the statutory punishment range authorized by the indictment. Therefore, we conclude that appellant's sentence is illegal. *Mizell*, 119 S.W.3d at 806; *Rich*, 194 S.W.3d at 512. We must now determine the appropriate disposition for an illegal sentence resulting from a charge bargain.

## E. Disposition

When a defendant, who has entered a negotiated plea of guilty, challenges the conviction and is successful, the appropriate remedy is specific performance of the plea, if possible, or if not, withdrawal of the plea. *Shannon v. State*, 708 S.W.2d 850, 852 (Tex. Crim. App. 1986). If the punishment pursuant to a negotiated plea agreement exceeds the statutory maximum, the proper relief is to return the parties to their respective positions before the guilty plea was entered. *Ex parte Rich*, 194 S.W.3d at 515; *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996). "[G]iven the functional similarity between sentence bargaining and charge bargaining, in general, our case law concerning the proper remedy when a plea bargain that was based on sentence bargaining is subsequently challenged applies to plea bargains based on charge bargaining as well."

14

*Thomas v. State*, 516 S.W.3d 498, 502 (Tex. Crim. App. 2017).

The parties' agreement in this case was premised on appellant facing a third-degree felony range of punishment for failing to stop and render aid, but, for the reasons discussed above, that range of punishment is unavailable in this case given the current state of the record. Therefore, specific performance of the agreement is not possible. "[T]o avoid giving appellant an undeserved windfall at the expense of the State, the appropriate remedy in this case is to reverse the conviction—not just the punishment—so as to put the parties in the same position as before they agreed to sentencing within an illegal punishment range." *Thomas*, 516 S.W.3d at 503; *see Shannon*, 708 S.W.2d at 851 ("[W]hen a defendant attacks the sentence he received, and for which he bargained, he is attacking the entire judgment of conviction. To permit resentencing in this situation is to bind only one party to the agreement. This is neither logical nor fair."). Appellant's successful challenge to his conviction for failing to stop and render aid necessarily negates the entire plea agreement, including his conviction for intoxication assault. *See Ex parte Cox*, 482 S.W.3d at 119.

We reverse the trial court's judgments,[2] set aside appellant's convictions, and remand the entire case to the trial court to return the parties to their original positions prior to appellant's decision to waive his right to a jury trial and enter pleas of guilty. We sustain appellant's sole issue.

---

[2] There are separate judgments of conviction in this case for each count. *See Morales v. State,* 974 S.W.2d 191, 192 (Tex. App.—San Antonio 1998, no pet.) (explaining that multiple convictions arising from a single proceeding may be memorialized in separate judgments); *see also Sandoval v. State*, No. 08-11-00283-CR, 2013 WL 5873296, at *16 (Tex. App.—El Paso Oct. 30, 2013, pet. ref'd) (mem. op., not designated for publication) (same).

### III.   CONCLUSION

We reverse the trial court's judgments and remand the cause to the trial court for further proceedings consistent with this memorandum opinion.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of November, 2018.