

# NUMBER 13-17-00127-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **ROLANDO S. VILLEGAS,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 24th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Longoria and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Rolando Salazar Villegas appeals his convictions on four counts of possession with intent to promote child pornography, each a second-degree felony.[1]

---

[1] In a consolidated trial, appellant was tried and convicted of eight counts of possession with intent to promote child pornography, *see* TEX. PENAL CODE ANN. § 43.26(e) (West, Westlaw through 2017 1st C.S.), one count of sexual performance by a child, *see id*. § 43.25 (West, Westlaw through 2017 1st C.S.), and one count of indecency with a child by exposure. *See id*. § 21.11(a)(2) (West, Westlaw through 2017 1st C.S.). Appellant appeals only four of his convictions for possession with intent to promote child

*See* TEX. PENAL CODE ANN. § 43.26(e) (West, Westlaw through 2017 1st C.S.). A jury found appellant guilty and assessed punishment of twenty years' imprisonment on each count. The trial court sentenced appellant accordingly and ordered the sentences to run concurrently. By one issue, appellant argues that there is legally insufficient evidence that the images found on his phone depicted the lewd exhibition of a child's genitals. We affirm as modified.

## I.    BACKGROUND

A grand jury returned an indictment charging appellant with ten counts of possession with intent to promote child pornography, *see id*., one count of sexual performance by a child, *see id*. § 43.25 (West, Westlaw through 2017 1st C.S.), and one count of indecency with a child by exposure. *See id*. § 21.11(a)(2) (West, Westlaw through 2017 1st C.S.). A jury acquitted appellant of two counts of possession with intent to promote child pornography but found appellant guilty on the remaining counts alleged in the indictment. Appellant appeals his convictions for counts seven through ten, which each alleged that appellant possessed separate images depicting the lewd exhibition of a child's genitals.

V.G.,[2] who was eight years old during the relevant time period, testified that she went to the beach in Port Lavaca, Texas with her family and her aunt's family. Appellant, who was then married to V.G.'s aunt, also attended. V.G. left the beach with her aunt,

_____

pornography as alleged in counts seven through ten of the indictment.

[2] We refer to the minor complainant by her initials to protect her privacy.

2

appellant, and her cousins. They travelled to her aunt's house in Victoria, Texas, where V.G. planned on staying overnight. Soon after they arrived, appellant pulled V.G. into the restroom and closed the door. Appellant then removed V.G.'s bathing suit and covered her head with a towel. V.G. saw red flashes through the towel. She believed appellant was taking pictures because he was holding a phone in his hand. Appellant then left the restroom, and V.G. got into the shower. V.G. later told her aunt what happened. V.G.'s aunt immediately drove V.G. home, at which time V.G.'s mother contacted law enforcement.

Wilmer McLeroy, an officer with the Victoria Police Department, testified that he secured a search warrant to access the contents of appellant's cellular phone. Officer McLeroy performed a forensic analysis of the phone and detected twelve images "of apparent child pornography." The trial court admitted a forensic report showing multiple images retrieved from appellant's phone. The four images forming the basis for counts seven through ten are close-up images of a female child's genital region. Officer McLeroy was able to determine from the images' "metadata" that they were generated on the same date V.G. was at her aunt's house. Officer McLeroy showed the images to V.G.'s mother, who confirmed that V.G. was the subject of the photographs.

The jury found appellant guilty of possession with intent to promote child pornography as alleged in counts seven through ten of the indictment. This appeal followed.

## II.    SUFFICIENCY OF THE EVIDENCE

By his sole issue, appellant argues that "[t]he photographs complained of in Counts 7-10 are legally insufficient to satisfy the element of 'lewd exhibition of genitals.'"

## A.    Standard of Review

The standard for determining whether the evidence is legally sufficient to support a conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.).   The factfinder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899; *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).   Reconciliation of conflicts in the evidence is within the factfinder's exclusive province. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000).   We resolve any inconsistencies in the testimony in favor of the verdict. *Bynum v. State*, 767 S.W.2d 769, 776 (Tex. Crim. App. 1989).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).   Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily

4

restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.   *Id*.

**B.     Lewd Exhibition**

It is a criminal offense in Texas to knowingly or intentionally promote, or possess with intent to promote, "visual material" depicting a minor engaging in "sexual conduct." TEX. PENAL CODE ANN. § 43.26 (a), (e).   "Sexual conduct" includes the "lewd exhibition of the genitals."   *Id*. §§ 43.25(a)(2), 43.26(b)(2).   With respect to counts seven through ten, the indictment charged appellant with "intentionally and knowingly possess[ing] with intent to promote visual material that visually depicted . . . [the] lewd exhibition [of a child's] genitals."

Appellant argues that the images do not depict the "lewd exhibition of genitals" when applying the six-factor test articulated in *United States v. Dost*, 636 F.Supp. 828 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987), *and aff'd*, 813 F.2d 1231 (9th Cir. 1987).   In *Dost*, the federal district court described factors used to evaluate "whether a visual depiction of a minor constitutes a 'lascivious exhibition of the genitals or pubic area' under [18 U.S.C.] § 2255(2)(E)."   *Id*. at 832.   The court observed that the factfinder should consider the following factors, among others, that may be relevant in the particular case:

(1)     whether the focal point of the visual depiction is on the child's genitalia or pubic area;

(2)     whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

5

(3)     whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

(4)     whether the child is fully or partially clothed, or nude;

(5)     whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

(6)     whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Id*.   Texas courts are not bound by *Dost* when determining whether an image depicts a "lewd exhibition."   *State v. Bolles*, 541 S.W.3d 128, 142 (Tex. Crim. App. 2017).   Rather, the *Dost* factors "serve only as a guide, and no single factor is dispositive."   *Id*. at 142–143.   Whether an image constitutes child pornography as defined by the penal code is a question that must be answered on a case-by-case basis.   *Id*. at 143.   Because the *Dost* factors aid Texas courts in assessing whether an image is lewd, we will consider the factors in determining whether the images at issue depict the "lewd exhibition of the genitals."   *See id*.; *Perkins v. State*, 394 S.W.3d 203, 208 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

The four images at issue are similar in all relevant respects.   The child appears to be fully nude, and her genital area is not just the focal point of the images, it is the only area of the child's body depicted.   In light of the images' specific focus, they could be viewed as unnatural and sexually suggestive.   *See Bolles*, 541 S.W.3d at 143.   For the same reason, the images could be viewed as suggesting sexual coyness or a willingness to engage in sexual activity.   Finally, considering the close-up depiction of the genitals, the images appear to have been intended or designed to elicit a sexual response in the

viewer. *See id.* at 143 (explaining that it is the depiction, not the minor, that must bring forth the genitals in such a way to excite or stimulate).

Guided by the *Dost* factors, we conclude that a rational jury could have found beyond a reasonable doubt that the subject images depicted the lewd exhibition of the child's genitals. *See Johnson*, 364 S.W.3d at 293–94; *see also Bolles*, 541 S.W.3d at 143–44 (holding that image manipulated and edited to display a close-up of a child's genital area constituted the lewd exhibition of a child's genitals). We overrule appellant's sole issue.

## III. CLERICAL ERROR IN THE JUDGMENT

We note that the judgment of conviction for the offense of indecency with a child by exposure references penal code section 43.25; however, the correct penal code provision for this offense is section 21.11. *See* TEX. PENAL CODE ANN. § 21.11 ("Indecency With a Child").

An appellate court may "modify the trial court's judgment and affirm it as modified." TEX. R. APP. P. 43.2(b). We have "the power to correct and reform a trial court judgment 'to make the record speak the truth when [we] ha[ve] the necessary data and information to do so.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, writ ref'd)); *see also Bernard v. State*, 401 S.W.3d 145, 150 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

Based on the record, we modify the trial court's judgment for the offense of indecency with a child by exposure to reflect section 21.11 of the penal code as the statute for the offense.   *See* TEX. R. APP. P. 43.2(b).

### IV.   CONCLUSION

We affirm the trial court's judgments as modified.[3]

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of November, 2018.

---

[3] There are separate judgments of conviction in this case for each count.   *See Morales v. State,* 974 S.W.2d 191, 192 (Tex. App.—San Antonio 1998, no pet.) (explaining that multiple convictions arising from a single proceeding may be memorialized in separate judgments); *see also Sandoval v. State*, No. 08-11-00283-CR, 2013 WL 5873296, at *16 (Tex. App.—El Paso Oct. 30, 2013, pet. ref'd) (mem. op., not designated for publication) (same).