# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00803-CR

**Shane Michael Morgan, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2017-427D, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

In a three-count indictment, the State charged appellant Shane Michael Morgan with the offenses of evading arrest with a motor vehicle (count I), tampering with physical evidence (count II), and possession of a controlled substance, methamphetamine (count III). The jury convicted Morgan of counts I and III and acquitted him of count II. The jury also made an affirmative finding that Morgan used the motor vehicle as a deadly weapon during the commission of the evading-arrest offense. Punishment was before the district court. At the hearing on punishment, Morgan pleaded true to three enhancement paragraphs alleging prior felony convictions for the offense of engaging in organized crime, specifically burglary of a building and burglary of a habitation, committed on three separate dates in 2007. At the conclusion of the hearing, the district court sentenced Morgan to twenty years' imprisonment. This appeal followed.

Morgan's court-appointed counsel on appeal has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson*, 488 U.S. at 80; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). During our review of the record, we have determined that the written judgment of conviction reflects only a conviction for count I, the offense of evading arrest with a motor vehicle. The written judgment does not reflect a conviction for count III, the offense of possession of a controlled substance. We have contacted the district clerk's office, and they have confirmed that no written judgment of conviction for count III exists.

The appropriate remedy under these circumstances is to abate the appeal and remand the cause to the district court for entry of either a judgment nunc pro tunc reflecting each count of which the jury convicted Morgan, or a separate judgment memorializing the jury's conviction of Morgan for the offense of possession of a controlled substance, count III in the indictment. *See* Tex. Code Crim. Proc. art. 42.01, § 1(13); *Morales v. State*, 974 S.W.2d 191, 192 (Tex. App.—San Antonio 1998, no pet.) (explaining that multiple convictions arising from single proceeding may be memorialized in either single or multiple judgments); *see also* Tex. R. App. P. 44.4(a) (providing that appellate court must not affirm or reverse judgment or dismiss appeal if "trial court's erroneous action . . . prevents the proper presentation of a case to the court of appeals; and the trial court can correct its action"), (b) (providing that "[i]f the circumstances described in [Rule 44.4](a) exist, the court of appeals must direct the trial court to correct the error" and "will then proceed as if the erroneous action . . . had not occurred").

A supplemental clerk's record containing either the judgment nunc pro tunc or separate judgment reflecting the conviction for count III shall be filed in this Court no later than September 23, 2024. Additionally, consistent with this Court's June 27, 2024 order granting appellant's motion for pro se access to the record, we further instruct the clerk of the district court to provide a copy of the supplemental record to appellant, and to provide written verification to this Court of the date and manner in which the supplemental record was provided, no later than September 23, 2024.

Before Chief Justice Byrne, Justices Triana and Kelly

Abated and Remanded

Filed: September 23, 2024

Do Not Publish